# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID E. FEATHERS, | ) | CASE NO. 5:22-CV-00540-CEF |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN LEON HILL, | ) | CARMEN E. HENDERSON |
| | ) | |
| Defendant, | ) | **REPORT & RECOMMENDATION** |
| | ) | |

This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Petitioner David Feathers's petition for a writ of habeas corpus under 28 U.S.C. § 2254 and other case-dispositive motions as well as orders on non-case-dispositive matters. Currently before this Court are Petitioner's motions for partial summary judgment (ECF Nos. 21-22). For the following reasons, this Court recommends that Petitioner's motions be DENIED.

Petitioner brings his petition under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which outlines the process by which federal courts may review habeas writs from state court prisoners. Under § 2254(d), an application for a writ of habeas corpus

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

1

28. U.S.C. § 2254(d). Section 2254 petitions must also comply with the Rules Governing Section 2254 Proceedings ("Habeas Rules"). *See* 28 U.S.C.A. foll. § 2254. Habeas Rule 3 governs the filing of a petition. Rule 4 governs the court's preliminary review of the petition. Specifically, it provides that "[i]f the petition is not dismissed [upon the court's preliminary review], the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Rule 5 governs the Respondent's answer and the Petitioner's reply (traverse). Specifically, it states "The petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." In accordance with these rules, the procedure for briefing in a habeas case is set forth in the Court's initial order. (ECF No. 6). This order requires first the Respondent to file a return of writ, which includes a brief in response to the petition as well as "copies of all transcripts, journal entries, opinions, indictments, affidavits, orders and docket sheets pertaining to the grounds for relief raised by the Petitioner." (ECF No. 6). Following the return of writ, Petitioner shall file a Traverse, which shall include all merits arguments. Respondent then has an opportunity to respond to Petitioner's Traverse. (ECF No. 6). These documents "constitute the briefing on the merits of the petition." (ECF No. 6 at 2). Notably, the Habeas Rules and this Court's initial order do not permit the filing of other dispositive motions such as the instant motions for partial summary judgment. Rather, the order explains that no other motions will be entertained absent leave of Court. (ECF No. 6 at 2).

Habeas Rule 12 dictates that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Thus, summary judgment under Rule 56 of the Federal Rules of Civil Procedure applies to habeas cases so long as it does not disturb or conflict with the Habeas Rules. *See Clark v. Johnson*, 202 F.3d 760, 764 ("As a general principle, Rule 56 of the Federal Rules of Civil

2

Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases."); *Lowe v. Swanson*, 639 F. Supp. 2d 857, 862 (N.D. Ohio 2009) ("Summary judgment is appropriate in this [§ 2254] matter."); *Walker v. Marquis*, No. 1:18CV0806, 2019 WL 2282105, *1–*2 (N.D. Ohio Jan. 28, 2019), *report and recommendation adopted*, *Walker v. Jackson-Mitchell*, 2019 WL 1219424 (N.D. Ohio Mar. 15, 2019); *see also Dellinger v. Mays*, No.: 3:09-CV-104-TAV-DCP, 2018 WL 4102241, *5 (E.D. Tenn. Aug. 28, 2018) ("Rule 12 of the habeas rules permits application of the Federal Rules of Civil Procedure in habeas cases only "'to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules.'"). "Where Rule 56 conflicts with the standards applicable under the AEDPA, the AEDPA trumps Rule 56." *Walker*, 2019 WL 2282105, at *1.

Summary judgment under Rule 56 is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The standard of review in habeas cases require the petitioner to demonstrate that the State court adjudication of the claim resulted in either (1) "decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28. U.S.C. § 2254(d). Pursuant to § 2254(e)(1) "a determination of a factual issue made by a State court shall be presumed to be correct" and the "applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Moreover, before seeking federal habeas relief, state prisoners must first exhaust their available state court remedies by fairly presenting all their claims to the state courts.

*Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005). When a petitioner has failed to exhaust his state remedies, and when he can no longer do so under state law, his habeas claim is procedurally defaulted." *Adams v. Burton*, No. 16-1476, 2016 WL 6610219, *2 (6th Cir. Nov. 8, 2016) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999))). "A federal habeas court need not review a procedurally defaulted claim unless the petitioner can show either cause for the default and actual prejudice from the alleged constitutional violation, or that failure to consider the claim would result in a 'fundamental miscarriage of justice[.]'" *Id*. (quoting *Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991)).

Here, Respondent argues that Petitioner's "claims are time-barred, not cognizable, procedurally defaulted and/or without merit." (ECF No. 26 at 4). Because Respondent's Return of Writ adequately sets forth arguments that Petitioner's grounds are procedurally barred from merits review, it precludes this Court from considering the merits of Petitioner's claims prior to resolving those arguments. Additionally, in the event that Petitioner's grounds proceed to a merits review, Petitioner has not demonstrated at this stage that he is entitled to a judgment as a matter of law on the facts before this Court. For Petitioner to prevail on summary judgment, he must demonstrate that "there is no genuine issue as to any material fact" *and* that he is "entitled to a judgment as a matter of law". *Anderson*, 477 U.S. at 247. Because this Court resolves all factual conflicts in favor of Respondent when considering Petitioner's summary judgment motion, the Court assumes that all factual determinations made in the state court proceeding were correct. The Court finds that the Writ sets forth sufficient bases to deny Petitioner's motions for summary judgment.

4

Accordingly, the Court will consider the instant petition based on the parties' arguments in the Return of Writ and the traverse. Petitioner is advised to raise his proper arguments[1] in his traverse for them to be considered by the Court. Accordingly, this Court recommends that Petitioner's motions for partial summary judgment (ECF No. 21-22) be DENIED. Additionally, Petitioner's request for an evidentiary hearing (ECF No. 30) is DENIED. Whether an evidentiary hearing is necessary will be determined in accordance with Habeas Rule 8.

Dated: January 12, 2023

_s/ Carmen E. Henderson_
Carmen E. Henderson
United States Magistrate Judge

_____

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais,* 928 F.3d 520, 530-31 (6th Cir. 2019).

---

[1] The Court notes that Respondent argues that the claims raised by Petitioner in the instant motions differ from the claims raised in the petition. Petitioner is reminded that he must limit his traverse to the grounds raised in his petition. "Arguments raised for the first time in a Traverse are not properly presented to the district court and are deemed waived." *Coats v. Sheldon*, No. 3:11CV1017, 2012 WL 7037778, at *7 n.2 (N.D. Ohio Aug. 20, 2012), report and recommendation adopted, No. 3:11CV1017, 2013 WL 474721 (N.D. Ohio Feb. 7, 2013) (citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (additional citations omitted)).