**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID E. FEATHERS, | ) | CASE NO. 5:22-CV-540 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| LEON HILL, WARDEN, | ) | |
| | ) | **OPINION AND ORDER ADOPTING** |
| Respondent. | ) | **MAGISTRATE'S REPORT AND** |
| | ) | **RECOMMENDATION** |

On November 9, 2022, Petitioner filed two motions for partial summary judgment.  (ECF No. 21 and 22).  On January 12, 2023, Magistrate Judge Carmen E. Henderson submitted a Report and Recommendation ("R&R"), recommending that the Court deny Petitioner's motions because Petitioner has not demonstrated at this stage that he is entitled to judgment as a matter of law on the facts before the Court.  (ECF No. 39).

Fed. R. Civ. P. 72(b)(2) provides that the parties may object to an R&R within fourteen (14) days after service.  On January 24, 2023, Petitioner filed a motion requesting an additional twenty days to respond with any objections to the R&R because he had not received a copy of all the pages of the R&R.  (ECF No. 42).  On January 25, 2023, the Court granted Petitioner an extension and mailed him a new copy of the R&R.  (ECF No. 43).  On February 16, 2023, Petitioner filed a document entitled "Petitioners objection to Magistrates Report and Recommendation."  (ECF No. 46).  However, the document is unclear about what specific objections Petitioner has to the Magistrate's finding in the R&R other than believing that the R&R should be overruled and summary judgment issued.  (ECF No. 46, PageID 3034).

1

A district court must conduct a *de novo* review of the portions of the R&R to which the parties objected.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  Absent objection, a district court may adopt an R&R without further review.  *See Peretz v. US*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42, 149–50 (1985).  The Court construes Petitioner's objection to be an objection to the entirety of the R&R, so the Court reviewed the entire R&R *de novo*.

Summary judgment under Rule 56 is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a).  The burden is on the moving party to conclusively show no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In Respondent's return of writ, the government noted that Petitioner's habeas petition was timely with regards to any challenges concerning his probation revocation, but the remaining claims were untimely.  (ECF No. 14).  The return of writ also noted issues of non-cognizability and issues concerning exhaustion, procedural default, and waiver.  *Id*.  Before addressing the merits of the Petitioner's claim, Petitioner has a number of procedural hurdles he needs to address, in a traverse, to establish that the Court even has the authority to consider his claims.  Accordingly, the Court concurs with the Magistrate Judge's finding that Petitioner has failed to demonstrate that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law.

The Court **ADOPTS** Magistrate Judge Henderson's Report and Recommendation, incorporates it fully herein by reference, **DENIES** Petitioner's motions for partial summary judgment, and orders Petitioner to file a traverse by March 16, 2023.

**IT IS SO ORDERED.**

Date:   February 22, 2023

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**