**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID E. FEATHERS, | ) | CASE NO. 5:22-CV-00540-CEF |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| KEITH FOLEY, WARDEN[1], | ) | |
| | ) | |
| Defendant, | ) | **ORDER; REPORT &** |
| | ) | **RECOMMENDATION** |

This matter has been referred to the undersigned United States Magistrate Judge for preparation of a Report and Recommendation and for general pretrial supervision pursuant to Local Rule 72.2 et seq. (*See* ECF No. 4).

Before the Court is the motion of Petitioner David E. Feathers ("Feathers" or "Petitioner") to amend his petition. (ECF No. 49). Feathers also moves this Court to find that his previously filed motion for partial summary judgment (ECF No. 21), its supplement (ECF No. 22), and a second supplement (ECF No. 50) satisfy this Court's order to file a consolidated traverse. (ECF No. 49). Respondent Warden Keith Foley ("Respondent" or "Warden") opposed both motions. (ECF No. 51). In his opposition, Respondent requests an extension of time to file a response if the Court grants the motion to consider Feathers's documents as a consolidated traverse. ECF No. 51). Feathers replied in support. (ECF No. 54).

For the reasons set forth below, the Court recommends that Petitioner's motion to amend his petition (ECF No. 49) be denied. This Court GRANTS Petitioner's request for the Court to

---

[1] Petitioner David Feathers is currently incarcerated in the Grafton Correctional Institution. Keith Foley is the Warden of that institution and, as such, is the proper party Respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

1

consider his motion for partial summary judgment and the supplements as satisfying the Court's instruction to file a consolidated traverse (ECF No. 49). Further, because each of Feathers's grounds for relief is either meritless, procedurally defaulted, and/or not cognizable, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

## I.    Factual Background & Procedural History

### A.  Indictments and Convictions

On November 4, 2004, a grand jury indicted Feathers on Aggravated Burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1) and (2); Felonious Assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1) and (2); and Domestic Violence, a felony of the fifth degree, in violation of R.C. 2919.25. He was convicted of these offenses following a jury trial. Feathers's direct appeal was successful, and the matter was remanded for a new trial. *State v. Feathers*, 11th Dist. Portage No. 2005-P-0039, 2007-Ohio-3024.

On remand, an amended indictment was issued, which, inter alia, changed the level of offense for Domestic Violence from a fifth-degree felony to a fourth-degree felony. On May 28, 2008, Feathers plead guilty to amended indictment. Feathers received a sentence of eight years for Aggravated Burglary, four years for Felonious Assault, and one year for Domestic Violence, to be served consecutively.

On February 9, 2015, Feathers was granted judicial release and was placed on intensive supervision probation for one year and four additional years of general probation. While on probation, on September 22, 2016, a grand jury indicted Feathers for Failure to Comply with Order or Signal of Police Officer, a felony of the third degree, in violation of R.C. 2921.331, in Portage County Criminal Case No. 2016 CR 0695. On February 27, 2017, Feathers plead guilty to the new offense.

On April 3, 2017, the Adult Probation Department moved to modify or revoke Feathers's community control in the 2004 case due to his guilty plea to the offense of failure to comply. Feathers then moved to consolidate the hearing for the modification of his original sentence with his sentencing for the failure to comply conviction. (ECF No. 13-1, PageID #: 1281, Ex. 75). On May 15, 2017, he was sentenced to 180 days in jail with work release, 12 months of intensive supervision probation, and 36 months of general probation or "until the Court [had] been notified by Portage County Adult Probation Department that the Defendant [had] satisfied all conditions of said community control." The court also suspended Feathers's right to drive in Ohio for twenty years. Additionally, with respect to the modification of his initial sentence, the court stated: "the Defendant has violated the terms of probation therefore a more restrictive sanction is necessary" and that "the sanctions imposed in Case No. 2016 CR 0695 shall be mirrored in this case." (ECF N0. 13-1, PageID #: 1283, Ex. 77). Further, the court "notified the Defendant if the Defendant violates the terms of said community control sanctions the Defendant may receive more restrictive community control sanctions or the Defendant will serve the balance of any time left in [the 2004] case to run consecutive to Case 2016 CR 0695." (ECF No. 13-1, PageID #: 1383, Ex. 77). Feathers did not timely appeal the May 15, 2017 judgments.

On July 26, 2018, the term of Feathers's intensive supervised probation was extended six months "to allow [him] to come in compliance with court ordered obligations." (ECF No. 13-1, PageID #: 1284, Ex. 78 (Order and Journal Entry for Case Nos. 2016 CR 00695 and 2004 CR 00424)).

On March 15, 2019, Feathers was indicted in Ashland County Court of Common Pleas case number 2019-CRI-062 for failing to comply, operating a vehicle under the influence, driving under suspension, and possessing criminal tools. Feathers pleaded guilty to the indictment as

3

charged on July 9, 2019, and he was sentenced on August 12, 2019, to an aggregate prison term of 12 months, an aggregate fine of $375.00, and three years of post-release control.

On July 19, 2019, following Feathers's guilty plea to the Ashland County offenses, the Adult Probation Department moved to modify or revoke Feathers's community control in both the 2004 and 2016 Portage County cases. On October 23, 2019, following a hearing, the Portage County trial court revoked Feathers's community control and ordered Feathers to serve the balance of his prison term with credit for time served in his 2004 case. (ECF No. 13-1, PageID #: 1288, Ex. 81). Additionally, the court sentenced Feathers to prison for three years to be served consecutive to the remainder of the sentence in the 2004 case, followed by three years of post-release control. (Case No. 5:22-cv-00541, ECF No. 13-1, PageID #: 231, Ex. 17).

### B.  Appeals to Eleventh District Court of Appeals, Portage County

On September 4, 2020, Feathers, pro se, filed several notices of appeal, motions for delayed appeal, and motions to consolidate in the Eleventh District Court of Appeals, Portage County, Ohio. (ECF No. 13-1, Exs. 82-83, 85; Case No. 5:22-cv-00541, ECF No. 13-1, Exs. 18-21). The appellate court granted Feathers leave to file his delayed appeals. (ECF No. 13-1, Ex. 4; Case No. 5:22-cv-00541, ECF No. 13-1, Ex. 22). Feathers, through counsel, raised the following assignments of error with respect to the October 23, 2019 Judgment involving his 2004 case:

1. The trial court erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

2. The trial court was without jurisdiction more than nine (9) years later to correct its improper imposition of post-release control.

3. The trial court failed to properly calculate Appellant's jail time credit and failed to set forth those numbers in the October 23, 2019 Sentencing Journal Entry.

4

(ECF No. 13-1, Ex. 86). On August 23, 2021, the appellate court affirmed the trial court's judgment in part and affirmed the trial court's judgment as modified in part. The appellate court found that Feathers's first and second assignments of error were without merit. The appellate court found merit in Feathers's third assignment of error and modified the trial court's judgment to clarify the amount of jail time credit to which Feathers was entitled. (ECF No. 13-1, Ex. 88).

With respect to the October 23, 2019 Judgment involving his 2017 case, Feathers, through counsel, raised the following assignments of error:

1. Appellant did not enter his guilty plea knowingly, intelligently, or voluntarily because the trial court failed to properly inform him of the maximum penalties involved as required by Crim.R. 11(C)(2)(A) which included a consecutive prison sentence for a conviction of felony failure to comply with order or signal of a police officer or any other felony prison sentence.

2. The trial court erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

(Case No. 5:22-cv-00541, ECF No. 13-1, Ex. 23). On August 23, 2021, the appellate court affirmed the trial court's judgment. (Case No. 5:22-cv-00541, ECF No. 13-1, Ex. 25).

On December 30, 2020, Feathers, pro se, filed a notice of appeal and a motion for leave to file a delayed appeal of his May 15, 2017 Judgment in the Ohio Court of Appeals for the Eleventh Appellate District, Portage County, Ohio. (Case No. 5:22-cv-00541, ECF No. 13-1, Ex. 8-9) The appellate court denied Feathers leave to file a delayed appeal noting that the appeal was untimely by over three-and-a-half years. (Case No. 5:22-cv-00541, ECF No. 13-1, Ex. 10).

Feathers failed to timely appeal both matters to the Supreme Court of Ohio.

5

### C. Application to Reopen Pursuant to Ohio App. R. 26(B)

On August 31, 2021, Feathers filed Ohio App. R. 26(B) applications to reopen his appeals.[2]

Feathers raised the following assignments of error:

> FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE FOR COMMUNITY CONTROL VIOLATION WHEN IT FAILED TO NOTIFY APPELLANT OF THE SPECIFIC TERM THAT WOULD BE IMPOSED IN THE EVENT OF SUCH A VIOLATION AT THE ORIGINAL SENTENCING HEARING

> SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT UNLAWFULLY SANCTIONED AND MODFIED APPELLANT'S COMBINED CONCURRENT PROBATION AND SENTENCE WITHOUT HIS PRESENCE AND WITHOUT AFFORDING HIM OPPORTUNITY TO BE HEARD, WHEN THE TRIAL COURT ISSUED A SUA SPONTE ORDER IN ORDERING A NEW SENTENCE MODIFACTION AND EXTENSION OF INTENSEIVE [SIC] PROBATION OF SIX MONTHS. IN VIOLATION OF OHIO'S STATUTORY REVOCATION DUE PROCESS MANDATES, R.C. SECTIONS 2929.15, (B), 2929.19. (B)(5), U.S. CONST, AMEND, VI, AND THE OHIO CONST, ART. 1 SECTION 10.

> THIRD ASSIGNMENT OF ERROR: THE TRIAL COURT UNLAWFULLY IMPOSED A PRISON SENTENCE THAT WAS NOT IMPPOSED AT SENTENCING BY CREATING A SUA SPONTE SENTENCING JOUNAL AND UNLAWFULLY PROCESSING THE FALSE SENTENCING JOUNRNAL [SIC] FORWARD TO THE OHIO DEPARTMENT OF CORRECTIONS, THEREBY ENFORCING A INVALIDATED SENTENCE AND PRISON CONFINEMENT, IN VIOLATION OF FEATHERS RIGHT NOT TO BE PLACED IN INVOLUNTARY SERVITUDE.

---

[2] Feathers filed his unified application to reopen and supplements in appellate case numbers: 2020-P-68, 2020-P-69, 2020-P-70, 2020-P-71, and 2020-P-72. Case numbers 2020-P-68 and 2020-P-69 correspond with Feathers's appeal of the trial court's sentence for his community control violation/violation of the terms of his judicial release; and case numbers 2020-P-70, 2020-P-71, 2020-P-72 correspond with Feathers's appeal of his sentence of three years of incarceration following the revocation of his probation for Failure to Comply. The court of appeals resolved the applications in a single judgment that is included in the return of writ for both habeas cases at ECF No. 13-3, Ex. 97 (relating to Feathers's challenge to his sentence for his community control violation/violation of the terms of his judicial release) and at Case No. 5:22-cv-00541, ECF No. 13-1, Ex. 30 (relating to Feathers's appeal of his sentence of three years of incarceration following the revocation of his probation for Failure to Comply).

(Case No. 5:22-cv-00541, ECF No. 13-1, Ex. 26). Feathers also filed three supplements. (Case No. 5:22-cv-00541, ECF No. 13-1, Ex. 27-29). On November 8, 2021, the appellate court denied Feathers's 26(B) application for reopening and all supplements finding that his claims lacked merit and/or were barred by the doctrine of res judicata. (ECF No. 13-1, Ex. 97; Case No. 5:22-cv-00541, ECF No. 13-1, Ex. 30).

On December 16, 2021, Feathers, pro se, timely appealed both matters in the Supreme Court of Ohio. (ECF No. 13-1, Ex. 98; Case No. 5:22-cv-00541, ECF No. 13-1, Ex 31.) In his memorandum in support of jurisdiction, Feathers set forth eleven propositions of law. (Case No. 5:22-cv-00541, ECF No. 13-1, Ex. 33). On March 1, 2022, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (Case No. 5:22-cv-00541, ECF No. 13-1, Ex. 34-37).

### D.  Motion to Withdraw Guilty Plea

On December 14, 2020, Feathers, pro se, filed a motion to withdraw the guilty plea raising two claims:

> 1. The Domestic Violence Offense, charged in count 3 was based on an offense that was not previously presented to the Portage County grand jury prior to joining with subsequent unrelated offenses.
>
> 2. The amendment of the indictment in changing the penalty or degree of the charged DV offense changed the identity of the offense, in violation of the Ohio Constitution, Art. 1 § 10.

(ECF No. 13-1, Ex. 100). On December 17, 2020, the trial court denied the motion. (ECF No. 13-1, Ex. 101).

Feathers, pro se, filed a timely notice of appeal in the Eleventh District Court of Appeals, Portage County, Ohio. (ECF No. 13-1, Ex. 102). In his merit brief, Feathers raised the following assignments of error:

7

1. The trial court abused its discretion in not properly reviewing jurisdictional defects addressed in the appellant's motion to withdraw his guilty plea to a void offense to the prejudice of appellant in failing to take corrective measures and to dismiss the indictment after defendant successfully demonstrated that the original indictment was obtained on the basis of false or misleading information and an abuse of grand jury by the prosecution, as well as prosecutorial misconduct during the course of the pre trial and trial adjudications, the net effect of which permeated the entire course of the proceedings in the trial court including but not limited to the following appeals on remand, and following the guilty plea, conviction and sentence.

2. The appellant unknowingly entered a guilty plea to an invalid amended indictment when the jurisdiction of the unrelated domestic violence offense was gone.

(ECF No. 13-1, Ex. 103). The State opposed Feathers's assignments of error. (ECF No. 13-1, Ex. 104). Feathers filed a reply brief. (ECF No. 13-1, Ex. 105). On November 22, 2021, the Eleventh District Court of Appeals affirmed the trial court's judgment finding that both assignments of error were without merit. (ECF No. 13-1, Ex. 106, Case No. 2021-P-0004).

Feathers, pro se, filed a timely notice of appeal to the Supreme Court of Ohio. (ECF No. 13-1, Ex. 107). In his memorandum in support of jurisdiction, Feathers presented the following propositions of law:

1. The appellate court erred and abused its discretion in its decision while being without previous jurisdiction in failing to take judicial notice of the record in finding that the trial court abused its discretion in failing to properly review the jurisdiction defects addressed in Appellant's motion to withdraw his guilty plea entered to a void offense to the prejudice of Appellant when failing to take corrective actions and dismiss the indictment after Defendant successfully demonstrated that the original indictment was secured upon false and misleading information and an abuse of grand jury by the prosecution, constituting prosecutorial misconduct during the course of the grand jury proceedings, and the pre trial and trial adjudication, the net effect of which permeated the entire course of the proceedings in the trial court, including but not limited to the following appeals and on remand, and following the guilty plea, convictions and sentences.

8

2. Appellant unknowingly entered a guilty plea to a invalid amended indictment when the jurisdiction of the unrelated domestic violence offense was gone.

3. The appellate court abused its discretion in err when mischaracterizing the states bootstrapped indictment as being a misjoinder matter. Whereas the state failed to obtain separate indictment before joinder with the other unrelated offense. The Domestic Violence offense was not had upon a previous presentment before a separate grand jury. In violation of the 5 and 14 Amendment to the United States Constitution, and Article 1 section 10 of the Ohio Constitution.

(ECF No. 13-1, Ex. 108). The State filed a response in opposition to jurisdiction. (ECF No. 13-1, Ex. 109). On March 1, 2022, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (ECF No. 13-1, Ex. 110).

## II.     Habeas

### A.  Habeas Case No. 22-540

Feathers, pro se, indicated that he placed his first petition in the prison mailing system on March 28, 2022. (ECF No. 1, Petition p. 15, PageID #: 15). Feathers raises sixteen grounds for relief:

GROUND ONE: The appellate court abused its discretion in err, when proceeding to its judgments without jurisdiction to exercise its judicial power over Feathers appeal for want of final orders and for want of statutes never cited than or previously thus judgments are rendered void, in affirming the trial court judgments that also omitted statutes over appellants convictions and sentences imposed originally and during the sentence anew proceedings, therefore lacked jurisdiction and subject matter jurisdiction over appellants original packaged judicial release and community control convictions and sentences anew imposed without identifying R.C. 2929.20, (JR) strict compliance statute and without R.C. 2929.15, over the (CC), jurisdictional statute, thus the jurisdiction of the sentencing court was gone at that juncture, when appellate was convicted and sentenced originally and sentenced anew, in violation of Feathers due process rights not to be subject to criminal prosecutions without the due process of law under the Fourteenth Amendment to the United States Constitution and article 1 section 10 of the Ohio Constitution.

GROUND TWO: The Appellate court abused its discretion in err, when counsel noted on the record that it's hard to say what type of sentence the sentencing court imposed and the journal entries do not speak the same sentences as the sentencing transcripts, counsel proceeded over objections of appellate asserting that the 2004CR0424, May 17, 2017, sentence journal was omitted. Counsel failed to move to correct the record and the appellate court dined all request to include this journal entry that never invoked the judicial release statute and completely fails to state any type of conviction or sentence, imposed by the court during this first stage packaged community control sentencing.

GROUND THREE: Appellate Counsel failed to recognize and argue that the trial court was without jurisdiction to create sentencing judgments, that created different court proceedings transcribed within the courts sentencing journals, that are divided and are fraudulently transcribed on four different sentencing journals that differ from each and the sentencing transcripts and are not final orders thereof, and by fail to state the facts of Feathers convictions invoked by the statutes, or otherwise, and do not provided descriptive case numbers, as were adjudged and decreed and are thus, void Ab-Initio.

GROUND FOUR: Appellate Court abused its discretion in err in reasoning that the court was not able to review the transcripts the courts sua sponte, Judgment order to be able to affirm Appellate assertions that Appellate Counsel failed to recognize and argue that the trial courts Original Juridical Realize Order On Feb 9, 2015, Case No. 2004CR0424 was not invoked by the (JR) statute, then or at any time thereafter when the trial court revoked his probation, additionally the court did not state the terms by statute to reserve to impose a prison sentence. The (JR) order was void thereafter when the court ordered Feathers probation sanctions to run concurrent with his community control sanction, and probation, and ordered concurrent packaged sentences, May 15, 2017. {Here Appellate Feathers submits the Appellate Courts reasoning is misapplied and unsupported by law, because the court speaks through it journal's in Ohio, and on its face, clearly indicates an invalid Judgment Order by operation of statute.

GROUND FIVE: Appellate Counsel failed to recognize and argue that the trial courts lack of Jurisdiction in ordering his Juridical Release probation and sentence to run concurrent with his probation with concurrent sanctions, and concurrent sentence with his Community Control,) authorized and imposed without statutes and of stated terms thereof, that however are independent statutes that have different specific sentence notification mandates that serve different purposes.

GROUND SIX: The appellate court abused its discretion in err in denying Appellants assertions that appellate counsel failed to argue that the trial court failed to give the specific amount of time during the imposition of his packaged community control sentence for the time left to serve in the (JR) sentence. Here, Appellate contends that the outcome would be same result remains, the amount of time would be unknown to be served for his community control sentence, unknown.

However, these sentences were ordered to run concurrent at sentencing but consecutive in the event of a violation, therefore the court was surly [sic] required to give the specify amount of time left on the (JR) sentence.

GROUND SEVEN: Appellate Counsel failed to recognize and argue that the trial court was authorized by law to packaged Appellants Judicial Release probation and sentence with his community control sentence when the court was also unauthorized by law to impose both a 180 Jail term and a prison term for the same offense as a community control sanction. Here, Appellate contends that the trial court imposed both a packaged and split sentence prohibited in Ohio, additionally trial courts cannot impose both a jail term and a prison term for a single offense as a community control sanction. However, the (JR) was packaged with the (CC) sanction, when the court failed to impose any kind of sentence in the sentencing journal in Case No. 2004CR0424, 5-17-2017 packaged sentence, the journal is void of and stated terms and absent of statutes. The sentencing journal was prohibited from appellate review, over many objections.

GROUND EIGHT: Appellate Counsel failed to recognize and argue that the trial court failed to impose post release control post penalty terms as required as part of the specific Original community control sentence notifications. And failed to give the specific amount of time left for the (JR), packaged sentence that was imposed consecutive during Appellants packaged revocation hearing, court was without jurisdiction to sentence anew.

GROUND NINE: Appellate Counsel failed to recognize and argue that the trial court amended the circumstances and judgments arising of the Original May sentencing transcripts with two differing judgments, for Case No, 2004CR0424, while the court never imposed any type of sentences in the 2004 sentencing journal, that described 2004 case and sentence is ordered is to be mirrored with Case No. 2016CR0695, May 17, 2017 journal entries, and the 2004 (JR) journal entry omits the fact of conviction for Appellants (JR) violation under the statute of which he violates, and does not describe the individual original offenses original convicted of. The 2016 (CC) sentence omits the revised code enacted in invoking the courts subject matter jurisdiction, and also fails to inform the stated terms as required under statute, being absent.

GROUND TEN: Appellate Counsel failed to recognize and argue that the trial court was unauthorized by law to order a six-month extension to Appellants packaged probation sentences without the presence of Appellate, and without a violation. Unauthorized Order, without subject matter jurisdiction by operation of statute. Ordered without statutes.

GROUND ELEVEN: Appellate Counsel failed to recognize and argue that the trial court has sentenced appellate to a none existent F4 Domestic Violence offense on remand, and the court failed to describe this offense or any of the other two offenses in the sentence anew sentencing journals identifying those offenses that were

11

originally named in the indictment in the 2004 case, none of these offenses were ordered to be re-imposed. The record is absent of their descriptions. the facts of Appellants jointly imposed probation violations requiring both statutes for the (JR) & (CC) for both violations to be stated by statute for the violations.

GROUND TWELVE: Appellate counsel failed to recognize and argue that the trial courts altered and fabricated judgment entries are not only not final judgments but also additionally demonstrate that the trial court has never originally or subsequently when sentencing petitioner anew convicted him by the operations of Ohio's judicial release or of the community control statutes and the court has completely failed to comply with any of the due process sentencing mandates when originally sentencing him. Both the transcripts and the court's judgment entries demonstrate that the Petitioner has remained imprisoned without ever being convicted or sentenced by Ohio statues provided for his merged probation violations, in violation of his due process rights required by the Fourteenth Amendment to the United States Constitution.

GROUND THIRTEEN: Appellate counsel failed to recognize and argue that the trial court acted without jurisdiction to order the Ohio Department of Rehabilitation and Corrections to determine the amount of prison time to be served by Petitioner within its commitment papers when executing petitioners sentence anew that never originally went into effect by Ohio Statutes. In violation of Petitioner's due process rights required by the Fourteenth Amendment to the United States Constitution.

(ECF No. 1-2, Petition pp. 1-4, PageID #: 18-21.)

SUPPLEMENTAL GROUND ONE: The appellate court erred and abused its discretion in its decision while being without previous jurisdiction in failing to take judicial notice of the record in finding that the trial court abused its discretion in failing to properly review the jurisdiction defects addressed in Appellant's motion to withdraw his guilty plea entered to a void offense to the prejudice of Appellant when failing to take corrective actions and dismiss the indictment after Defendant successfully demonstrated that the original indictment was secured upon false and misleading information and an abuse of grand jury by the prosecution, constituting prosecutorial misconduct during the course of the grand jury proceedings, and the pre trial and trial adjudication, the net effect of which permeated the entire course of the proceedings in the trial court, including but not limited to the following appeals and on remand, and following the guilty plea, convictions and sentences.

SUPPLEMENTAL GROUND TWO: Appellant unknowingly entered a guilty plea to a invalidated amended indictment when the jurisdiction of the unrelated domestic violence offense was gone.

SUPPLEMENTAL GROUND THREE: The appellate court abused its discretion in err when mischaracterizing the states bootstrapped indictment as being a misjoinder matter. Whereas the state failed to obtain separate indictment before

12

joinder with the other unrelated offense. The Domestic Violence offense was not had upon a previous presentment before a separate grand jury. In violation of the 5th and 14th Amendment to the United States Constitution, and Article 1 section 10 of the Ohio Constitution.

(ECF No. 1-2, Petition pp. 5-7, PageID #: 22-24).

### B. Habeas Case No. 22-541

Feathers, pro se, indicated that he placed his second petition in the prison mailing system on March 28, 2022. (ECF No. 1, Petition p. 15, PageID #: 15). Feathers raises thirteen grounds for relief:

> GROUND ONE: The appellate court abused its discretion in err, when proceeding to its judgments without jurisdiction to exercise its judicial power over Feathers appeal for want of final orders and for want of statutes never cited than or previously thus judgments are rendered void, in affirming the trial court judgments that also omitted statutes over appellants convictions and sentences imposed originally and during the sentence anew proceedings, therefore lacked jurisdiction and subject matter jurisdiction over appellants original packaged judicial release and community control convictions and sentences anew imposed without identifying R.C. 2929.20, (JR) strict compliance statute and without R.C. 2929.15, over the (CC), jurisdictional statute, thus the jurisdiction of the sentencing court was gone at that juncture, when appellate was convicted and sentenced originally and sentenced anew, in violation of Feathers due process rights not to be subject to criminal prosecutions without the due process of law under the Fourteenth Amendment to the United States Constitution and article 1 section 10 of the Ohio Constitution.

> GROUND TWO: The Appellate court abused its discretion in err, when counsel noted on the record that it's hard to say what type of sentence the sentencing court imposed and the journal entries do not speak the same sentences as the sentencing transcripts, counsel proceeded over objections of appellate asserting that the 2004CR0424, May 17, 2017, sentence journal was omitted. Counsel failed to move to correct the record and the appellate court dined all request to include this journal entry that never invoked the judicial release statute and completely fails to state any type of conviction or sentence, imposed by the court during this first stage packaged community control sentencing.

> GROUND THREE: Appellate Counsel failed to recognize and argue that the trial court was without jurisdiction to create sentencing judgments, that created different court proceedings transcribed within the courts sentencing journals, that are divided and are fraudulently transcribed on four differing sentencing journals that differ from each and the sentencing transcripts and are not final orders thereof, and by fail

to state the facts of Feathers convictions invoked by the statutes, or otherwise, and do not provided descriptive case numbers, as were adjudged and decreed and are thus, void Ab-Initio.

GROUND FOUR: Appellate Court abused its discretion in err in reasoning that the court was not able to review the transcripts the courts sua sponte, Judgment order to be able to affirm Appellate assertions that Appellate Counsel failed to recognize and argue that the trial courts Original Juridical Realize Order On Feb 9, 2015, Case No. 2004CR0424 was not invoked by the (JR) statute, then or at any time thereafter when the trial court revoked his probation, additionally the court did not state the terms by statute to reserve to impose a prison sentence. The (JR) order was void thereafter when the court ordered Feathers probation sanctions to run concurrent with his community control sanction, and probation, and ordered concurrent packaged sentences, May 15, 2017. {Here Appellate Feathers submits the Appellate Courts reasoning is misapplied and unsupported by law, because the court speaks through it journal's in Ohio, and on its face, clearly indicates an invalid Judgment Order by operation of statute.

GROUND FIVE: Appellate Counsel failed to recognize and argue that the trial courts lack of Jurisdiction in ordering his Juridical Release probation and sentence to run concurrent with his probation with concurrent sanctions, and concurrent sentence with his Community Control,) authorized and imposed without statutes and of stated terms thereof, that however are independent statutes that have different specific sentence notification mandates that serve different purposes.

GROUND SIX: The appellate court abused its discretion in err in denying Appellants assertions that appellate counsel failed to argue that the trial court failed to give the specific amount of time during the imposition of his packaged community control sentence for the time left to serve in the (JR) sentence. Here, Appellate contends that the outcome would be same result remains, the amount of time would be unknown to be served for his community control sentence, unknown. However, these sentences were ordered to run concurrent at sentencing but consecutive in the event of a violation, therefore the court was surly [sic] required to give the specify amount of time left on the (JR) sentence.

GROUND SEVEN: Appellate Counsel failed to recognize and argue that the trial court was authorized by law to packaged Appellants Judicial Release probation and sentence with his community control sentence when the court was also unauthorized by law to impose both a 180 Jail term and a prison term for the same offense as a community control sanction. Here, Appellate contends that the trial court imposed both a packaged and split sentence prohibited in Ohio, additionally trial courts cannot impose both a jail term and a prison term for a single offense as a community control sanction. However, the (JR) was packaged with the (CC) sanction, when the court failed to impose any kind of sentence in the sentencing journal in Case No. 2004CR0424, 5-17-2017 packaged sentence, the journal is void

14

of and stated terms and absent of statutes. The sentencing journal was prohibited from appellate review, over many objections.

GROUND EIGHT: Appellate Counsel failed to recognize and argue that the trial court failed to impose post release control post penalty terms as required as part of the specific Original community control sentence notifications. And failed to give the specific amount of time left for the (JR), packaged sentence that was imposed consecutive during Appellants packaged revocation hearing, court was without jurisdiction to sentence anew.

GROUND NINE: Appellate Counsel failed to recognize and argue that the trial court amended the circumstances and judgments arising of the Original May sentencing transcripts with two differing judgments, for Case No, 2004CR0424, while the court never imposed any type of sentences in the 2004 sentencing journal, that described 2004 case and sentence is ordered is to be mirrored with Case No. 2016CR0695, May 17, 2017 journal entries, and the 2004 (JR) journal entry omits the fact of conviction for Appellants (JR) violation under the statute of which he violates, and does not describe the individual original offenses original convicted of. The 2016 (CC) sentence omits the revised code enacted in invoking the courts subject matter jurisdiction, and also fails to inform the stated terms as required under statute, being absent.

GROUND TEN: Appellate Counsel failed to recognize and argue that the trial court was unauthorized by law to order a six-month extension to Appellants packaged probation sentences without the presence of Appellate, and without a violation. Unauthorized Order, without subject matter jurisdiction by operation of statute. Ordered without statutes.

GROUND ELEVEN: Appellate Counsel failed to recognize and argue that the trial court has sentenced appellate to a none existent F4 Domestic Violence offense on remand, and the court failed to describe this offense or any of the other two offenses in the sentence anew sentencing journals identifying those offenses that were originally named in the indictment in the 2004 case, none of these offenses were ordered to be re-imposed. The record is absent of their descriptions. the facts of Appellants jointly imposed probation violations requiring both statutes for the (JR) & (CC) for both violations to be stated by statute for the violations.

GROUND TWELVE: Appellate counsel failed to recognize and argue that the trial courts altered and fabricated judgment entries are not only not final judgments but also additionally demonstrate that the trial court has never originally or subsequently when sentencing petitioner anew convicted him by the operations of Ohio's judicial release or of the community control statutes and the court has completely failed to comply with any of the due process sentencing mandates when originally sentencing him. Both the transcripts and the court's judgment entries demonstrate that the Petitioner has remained imprisoned without ever being convicted or sentenced by Ohio statues provided for his merged probation

violations, in violation of his due process rights required by the Fourteenth Amendment to the United States Constitution.

GROUND THIRTEEN: Appellate counsel failed to recognize and argue that the trial court acted without jurisdiction to order the Ohio Department of Rehabilitation and Corrections to determine the amount of prison time to be served by Petitioner within its commitment papers when executing petitioner[']s sentence anew that never originally went into effect by Ohio Statutes. In violation of Petitioner's due process rights required by the Fourteenth Amendment to the United States Constitution.

(Case No. 5:22-cv-00541, ECF No. 1-2, Petition pp. 1-4, PageID#: 18-21).

### C. Motion to Consolidate Federal Habeas Cases

On June 6, 2022, Feathers moved to consolidate Case No. 5:22-cv-00541 with Case No. 5:22-cv-00540 (ECF Nos. 7, 8). The District Court granted the motion to consolidate, over the objection of Respondent, on November 29, 2022. (ECF No. 28).

### III.    Motion to Amend Petition

### A. Law

Fed. R. Civ. P. 15(A) governs motions to amend petitions for habeas corpus. *See* 28 U.S.C. § 2242. Under Rule 15(A) a party may amend his pleading once as a matter of right within 21 days after serving it or with the opposing party's written consent or the court's leave. Rule 15(A)(2) provides that leave should be freely given when justice so requires. Several factors may be considered in determining whether to permit an amendment: the reasons for undue delay in filing; whether there was a lack of notice to the opposing party; whether there was bad faith in the moving party's repeated failure to cure deficiencies by previous amendments; whether there would be undue prejudice to the opposing party; and whether amendment would be futile to correct problems in the original pleading. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).

### B.  Analysis

Feathers's motion to amend his habeas petition asks this Court to include the grounds set forth in habeas case no. 5:22-cv-00541 with those raised in 5:22-cv-00540. (ECF No. 49 at 1). Respondent argues that the Court should not allow Feathers to amend because doing so would be futile as the claims are not cognizable and/or procedurally defaulted. (ECF No. 51 at 3-4). However, as the District Court previously granted Feathers's request to consolidate Case No. 5:22-cv-00541 with Case No. 5:22-cv-00540, this request to amend the petition is moot. It is unnecessary to amend the petition to include the grounds in Case No. 5:22-cv-00541 because in light of the consolidation, the Court will consider them along with the grounds raised in Case No. 5:22-cv-00540.

Accordingly, Feathers's motion to amend his habeas petition should be DENIED.

### IV.    Motion to Consider ECF Nos. 21, 22, 49, and 50 as a Consolidated Traverse

After Feathers's motion to consolidate the petitions was granted, this Court directed Feathers to file his Traverse by February 14, 2023 and noted that it "should be a consolidated response." (ECF No. 40). Rather than following the Courts directive, Feathers seeks to have his 103-page motion for partial summary judgment (ECF No. 21), the supplement (ECF No. 22), and ECF Nos. 49 and 59 to be construed as his traverse. Respondent opposes the motion as it clearly conflicts with this Court's order to file a *consolidated* response.

As the Court has reviewed all of the documents at issue and the briefing by both parties, in the interest of judicial economy, the Court GRANTS Feathers's motion. Accordingly, to the extent that Feathers's motion for summary judgment contains arguments that would be properly considered in a Traverse, the undersigned will consider such arguments as it resolves his petitions.

V.     **Petitions for Habeas Corpus**

   A.  **Legal Standards**

       i.   **Jurisdiction**

Title 28 U.S.C. § 2254(a) authorizes district courts to entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Court of Common Pleas of Portage County sentenced Feathers, and Portage County is within this court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Feathers's § 2254 petitions.

       ii.  **Cognizable Federal Claim**

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law … are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."). A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758

F.2d 1431, 1433 (11th Cir. 1985)). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th 1998).

### i. Exhaustion

"A federal habeas corpus court should not grant a habeas corpus application by a state prisoner unless he has exhausted all of his available state court remedies on his grounds for relief. 28 U.S.C. § 2254(b) and (c)." *Gordon v. Bradshaw*, No. 104 CV 2299, 2007 WL 496367, at *12 (N.D. Ohio Feb. 12, 2007). "A petitioner satisfies the exhaustion requirement once the state supreme court provides him with an opportunity to review his claims on the merits and the state supreme court has had a full and fair opportunity to rule on the claims." *Id.* (citing *Dickerson v. Mitchell*, 336 F.Supp.2d 770, 786 (N.D. Ohio 2004) (citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990))). "If a remedy remains under state law that a federal habeas corpus petitioner has not yet pursued, exhaustion has not occurred and the federal habeas court cannot review the merits of the claim." *Id.* (citing *Rust*, 17 F.3d at 160). "When a petitioner has failed to exhaust his state remedies, and when he can no longer do so under state law, his habeas claim is procedurally defaulted." *Adams v. Burton*, No. 16-1476, 2016 WL 6610219, at *2 (6th Cir. Nov. 8, 2016) (citing *O'Sullivan*, 526 U.S. at 848).

### ii. Procedural Default

Procedural default occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally*

*Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). In determining whether there has been a procedural default, the federal court again looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). When a state court declines to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement, federal habeas review is barred as long as the state judgment rested on "independent and adequate" state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). To be independent, a state procedural rule and the state courts' application of it must not rely in any part on federal law. *Id.* at 732-33. To be adequate, a state procedural rule must be "'firmly established' and 'regularly followed'" by the state courts at the time it was applied. *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009).

A petitioner procedurally defaults a claim by failing to "fairly present" the claim in state court when he does not pursue that claim through the state's "'ordinary appellate review procedures,'" and, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim. *Williams*, 460 F.3d at 806 (quoting *O'Sullivan*, 526 U.S. at 848); *see also Baston v. Bagley*, 282 F. Supp. 2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). Under these circumstances, while the exhaustion requirement is technically satisfied because there are no longer any state-court remedies available to the petitioner, the petitioner's failure to have the federal claims fully considered in the state courts constitutes a procedural default of those claims, barring federal habeas review. *Williams*, 460 F.3d at 806 ("Where state court remedies are no longer available to a petitioner because he or she failed to use them within the required time period, procedural default and not exhaustion bars federal court

review."); *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) ("Because the exhaustion requirement 'refers only to remedies still available at the time of the federal petition,' . . ., it is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law' . . . ." (internal citations omitted)).

Furthermore, to "fairly present" a claim to a state court, a petitioner must assert both its legal and factual basis. *Williams*, 460 F.3d at 806 (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). Most importantly, a "'petitioner must present his claim to the state courts as a federal constitutional issue – not merely as an issue arising under state law.'" *Id.* (quoting *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984)).  A petitioner can overcome a procedural default by demonstrating cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a "fundamental miscarriage of justice" if the claim is not considered. *Coleman*, 501 U.S. at 750.  "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him." *Id.* "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004) ("The 'fundamental miscarriage of justice' gateway is open to a petitioner who submits new evidence showing that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.' " (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995))).

### iii.   AEDPA Standard of Review

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act,

Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

To determine whether relief should be granted, the Court must use the "look-through"

methodology and look to the "last explained state-court judgment" on the petitioner's federal

claim. *Ylst*, 501 U.S. at 804 ("The essence of unexplained orders is that they say nothing. We think

that a presumption which gives them no effect—which simply 'looks through' them to the last

reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v.

Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look

through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at

a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case

differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v.

Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13

(2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings,

as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419

(2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal

habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id*.

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state-court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's … determination." *Rice v. Collins*, 546 U.S. 333, 341-42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet… because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) is meant only to stop short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id*. at 103. "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state courts

decision conflicts with this Court's precedents" and "goes no further." *Id*. Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*.

### iv.  Ineffective Assistance of Counsel

When a state court reaches the merits of an ineffective assistance of counsel claim, federal habeas courts provide AEDPA deference to that adjudication under § 2254(d). *Perkins v. McKee*, 411 F. App'x 822, 828 (6th Cir. 2011). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 562 U.S. at 99. Also, in *Harrington*, the Supreme Court emphasized the double layer of deference that federal courts must give state courts in reviewing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), claims under AEDPA:

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. ... An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. ... Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Perkins*, 411 Fed. Appx. at 828 (quoting *Harrington*, 131 S.Ct. 770, 786–788).

### B. Discussion

#### i. Case No. 5:22-cv-00540

##### 1. Grounds One, Two, and Four are Not Cognizable

###### a. Ground One

GROUND ONE: The appellate court abused its discretion in err, when proceeding to its judgments without jurisdiction to exercise its judicial power over Feathers appeal for want of final orders and for want of statutes never cited than or previously thus judgments are rendered void, in affirming the trial court judgments that also omitted statutes over appellants convictions and sentences imposed originally and during the sentence anew proceedings, therefore lacked jurisdiction and subject matter jurisdiction over appellants original packaged judicial release and community control convictions and sentences anew imposed without identifying R.C. 2929.20, (JR) strict compliance statute and without R.C. 2929.15, over the (CC), jurisdictional statute, thus the jurisdiction of the sentencing court was gone at that juncture, when appellate was convicted and sentenced originally and sentenced anew, in violation of Feathers due process rights not to be subject to criminal prosecutions without the due process of law under the Fourteenth Amendment to the United States Constitution and article 1 section 10 of the Ohio Constitution.

Respondent argues that Ground One is not cognizable. This Court agrees.

In Ground One, Feathers alleges that the appellate court lacked subject matter jurisdiction. Specifically, Feathers contends that numerous aspects of Ohio procedures resulted in the appellate court reviewing the matter without authority, e.g., the lack of a final, appealable order. As Feathers's contentions rely exclusively upon alleged violations or misinterpretations of Ohio procedures, they are not cognizable in these proceedings. *Oviedo*, 809 F.2d at 328 ("Whether or not the [] Court complied with the procedural requirements of Ohio law is not a matter for this court to decide on a petition for habeas corpus relief. [] The federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure. []") (internal citations omitted). This Court does not review a state court's interpretation of its own law or procedure. "The determination of whether a particular state court is vested with

jurisdiction under state law and is the proper venue to hear a criminal case is a 'function of the state courts, not the federal judiciary.'" *Smith v. Klee*, No. 2:15-CV-11099, 2016 WL 6995731, at *5 (E.D. Mich. Nov. 30, 2016) (quoting *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976)).

Accordingly, Petitioner's first ground for relief should be dismissed as it is not cognizable on federal habeas review.

### b.  Ground Two

> GROUND TWO: The Appellate court abused its discretion in err, when counsel noted on the record that it's hard to say what type of sentence the sentencing court imposed and the journal entries do not speak the same sentences as the sentencing transcripts, counsel proceeded over objections of appellate asserting that the 2004CR0424, May 17, 2017, sentence journal was omitted. Counsel failed to move to correct the record and the appellate court dined [sic] all request to include this journal entry that never invoked the judicial release statute and completely fails to state any type of conviction or sentence, imposed by the court during this first stage packaged community control sentencing.

Respondent argues that Ground Two is not cognizable. This Court agrees.

In Ground Two, Feathers alleges that the appellate court erred by not finding reversible error in the May 17, 2017, journal entry setting forth a sentence that differed from the sentence imposed at the hearing. Alleged errors in the discrepancy of a state's oral sentence with that of the sentencing judgment entry is a matter of state-law not cognizable in federal habeas review. The Sixth Circuit has held that "[a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard v. White*, 76 Fed. App'x 52, 53 (6th Cir. 2003); *see also Kipen v. Renico*, 65 Fed. App'x 958, 959 (6th Cir. 2003) ("Incarcerating a prisoner after the expiration of his maximum sentence may result in a constitutional violation. However, the actual computation of [petitioner's] prison term involves a matter of state law that is not cognizable under [§ 2254]."). "[T]he validity of a judgment as a matter of state law is for the state to determine." *Frazier v. Moore*, 252 F. App'x 1, 6 (6th Cir. 2007); *cf. Sneed v.*

26

*Donahue,* 993 F.2d 1239, 1244 (6th Cir. 1993) (holding that a claim challenging the petitioner's aggregate sentence under state law "involves a matter of state law," which "is not cognizable in a federal habeas corpus proceeding"). To the extent that Feathers claims that the Ohio judgment is invalid under state law, that claim is not cognizable on habeas review. *See Hodge v. Sec'y, Fla. Dep't of Corr.*, No. 3:15-CV-1425-J-32PDB, 2018 WL 6172423, at *11 (M.D. Fla. Nov. 26, 2018) (finding that petitioner's assertion the trial court's oral pronouncement of his sentence conflicts with his written judgement and sentence was not cognizable on habeas review).

Feathers has not presented a cognizable claim for federal habeas review as Ground Two involves the application of state law and procedures. *See Oviedo*, 809 F.2d at 328. Accordingly, Ground Two should be dismissed as not cognizable.

### c.  Ground Four

> GROUND FOUR: Appellate Court abused its discretion in err in reasoning that the court was not able to review the transcripts the courts sua sponte, Judgment order to be able to affirm Appellate assertions that Appellate Counsel failed to recognize and argue that the trial courts Original Juridical Realize Order On Feb 9, 2015, Case No. 2004CR0424 was not invoked by the (JR) statute, then or at any time thereafter when the trial court revoked his probation, additionally the court did not state the terms by statute to reserve to impose a prison sentence. The (JR) order was void thereafter when the court ordered Feathers probation sanctions to run concurrent with his community control sanction, and probation, and ordered concurrent packaged sentences, May 15, 2017. {Here Appellate Feathers submits the Appellate Courts reasoning is misapplied and unsupported by law, because the court speaks through it journal's in Ohio, and on its face, clearly indicates an invalid Judgment Order by operation of statute.

Respondent argues that Ground Four is not cognizable. (ECF No. 14 at 18). This Court agrees.

Ground Four appears to argue that Ohio's appellate court erred when it failed to review certain parts of the record sua sponte in search of support for Feathers's arguments regarding errors in his judicial release and sentence. Alleged errors in the application of Ohio's judicial release

statute and community control statute are matters of state-law and not cognizable in federal habeas review. *See Jackson v. Warden, Toledo Corr. Inst.*, No. 3:11 CV 1228, 2012 WL 2155167, at *5 (N.D. Ohio May 9, 2012), *report and recommendation adopted*, No. 3:11CV1228, 2012 WL 2154554 (N.D. Ohio June 13, 2012). Ground Four asserts only a state law error, which is not cognizable on habeas review. *See Oviedo*, 809 F.2d at 328.

Accordingly, Ground Four should be dismissed as not cognizable.

### 2. Ground Six and Supplemental Grounds One and Three are Not Cognizable

GROUND SIX: The appellate court abused its discretion in err in denying Appellants assertions that appellate counsel failed to argue that the trial court failed to give the specific amount of time during the imposition of his packaged community control sentence for the time left to serve in the (JR) sentence. Here, Appellate contends that the outcome would be same result remains, the amount of time would be unknown to be served for his community control sentence, unknown. However, these sentences were ordered to run concurrent at sentencing but consecutive in the event of a violation, therefore the court was surly [sic] required to give the specify amount of time left on the (JR) sentence.

SUPPLEMENTAL GROUND ONE: The appellate court erred and abused its discretion in its decision while being without previous jurisdiction in failing to take judicial notice of the record in finding that the trial court abused its discretion in failing to properly review the jurisdiction defects addressed in Appellant's motion to withdraw his guilty plea entered to a void offense to the prejudice of Appellant when failing to take corrective actions and dismiss the indictment after Defendant successfully demonstrated that the original indictment was secured upon false and misleading information and an abuse of grand jury by the prosecution, constituting prosecutorial misconduct during the course of the grand jury proceedings, and the pre trial and trial adjudication, the net effect of which permeated the entire course of the proceedings in the trial court, including but not limited to the following appeals and on remand, and following the guilty plea, convictions and sentences.

SUPPLEMENTAL GROUND THREE: The appellate court abused its discretion in err when mischaracterizing the states bootstrapped indictment as being a misjoinder matter. Whereas the state failed to obtain separate indictment before joinder with the other unrelated offense. The Domestic Violence offense was not had upon a previous presentment before a separate grand jury. In violation of the 5th and 14th Amendment to the United States Constitution, and Article 1 section 10 of the Ohio Constitution.

Respondent argues Ground Six, Supplemental Ground One, and Supplemental Ground Three are not cognizable. (ECF No. 14 at 19). Despite Feathers's myriad filings, it is unclear 1) which appellate proceeding(s) Feathers is referencing, 2) what sentencing entry Feathers is referencing, 3) the underlying state law issue that he believes counsel should have argued, and 4) what clearly established Federal law(s) was at issue. As Feathers's "consolidated" traverse sheds no additional light on these shortcomings, the undersigned must recommend that Ground Six, Supplemental Ground One, and Supplemental Ground Three be dismissed as they are not cognizable.

### a.  Ground Six

Even assuming that in Ground Six Feathers challenges the state appellate court's discretion to deny his petition to reopen his appeal, Respondent correctly points out that "habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state postconviction proceedings." (ECF No. 14 (quoting *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001) (citing *Kirby v. Dutton*, 794 F.2d 245, 246 (6th Cir. 1986))). Alleged errors involving a state court's interpretation of its own procedural rules are not cognizable in federal habeas corpus review. *Simpson v. Jones,* 238 F.3d 399, 406–07 (6th Cir. 2000); *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir.1988). Feathers's claim, which stems from the Ohio appellate court's alleged abuse of discretion under Ohio law in ruling on a reopening application filed pursuant to Ohio R. App. P. 26(B), "does not trigger concerns about a possible violation of petitioner's federal constitutional rights." *Roberts v. Warden, Toledo Corr. Inst*., No. 1:08CV113, 2009 WL 6662912, at *19 (S.D. Ohio Apr. 21, 2009), *report and recommendation adopted*, No. 1:08-CV-00113, 2010 WL

2794246 (S.D. Ohio July 14, 2010). Accordingly, Feathers's attack on the state courts' application of Ohio App. R. 26(B) is not cognizable on habeas review,[3] and Ground Six should be dismissed.

### b. Supplemental Ground One

Assuming that in Supplemental Ground One, Feathers challenges the state appellate court's discretion in affirming the trial court's denial of his motion to withdraw his guilty plea, as explained above, a state appellate court's abuse of discretion is not a cognizable ground for habeas relief. Moreover, Feathers's argument that the state appellate court erred by not finding that the state court lacked jurisdiction over his criminal case is a state law issue. "Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills*, 532 F.2d at 1059. "[A] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001). Moreover, the underlying issue – the state court's denial of his motion to withdraw his guilty plea – is a matter of state law, not cognizable on habeas review. *See King v. Buchanan*, No. 1:19 CV 2159, 2020 WL 9259698, at *11 (N.D. Ohio Oct. 13, 2020), *report and recommendation adopted*, No. 1:19 CV 2159, 2021 WL 1565161 (N.D. Ohio Apr. 21, 2021) ("there is no federal constitutional right to withdraw a guilty plea.") (citing *United States v. Woods*, 554 F.3d 611, 613 (6th Cir. 2009) ("The defendant is not entitled to ... the withdrawal of her plea as a matter of right"); *Hynes v. Birkett*, 526 F. App'x 515, 521 (6th Cir.

---

[3] The Court also notes that Feathers's challenge regarding his trial court's interpretation of Ohio's sentencing statutes is not cognizable on federal habeas review because it is a state law claim. *See Howard*, 76 F. App'x at 53 ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Austin v. Jackson*, 213 F.3d 298, 300-01 (6th Cir. 2000) (state court did not abuse its discretion nor violate federal due process by imposing a sentence above the state sentencing guidelines); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review).

2013) ("Hynes has no federal due process right to seek to withdraw his guilty plea."); *Dickey v. Warden, Lebanon Corr. Inst.*, 2010 WL 92510, at *7-8 (S.D. Ohio) ("[T]here is no federal constitutional right, or absolute right under state law, to withdraw a guilty plea.") (citing cases)). "Generally, therefore, a federal habeas court 'lacks authority to adjudicate a claim that the state court improperly denied a motion to withdraw a guilty plea." *Id.* (quoting *Artiaga v. Money*, 2007 WL 928640, at *2 (N.D. Ohio); *see also Xie v. Edwards*, 1994 WL 462143, at *2, 35 F.3d 567 (6th Cir.) (unpublished) (whether trial court abused discretion in denying motion to withdraw plea is question of state law)). Accordingly, Supplemental Ground One should be dismissed at not cognizable.

### c. Supplemental Ground Three

In Supplemental Ground Three, Feathers again challenges the discretion of the state appellate court; and, as explained above, an appellate court's alleged abuse of discretion is generally not cognizable on habeas review. To the extent Feathers asserts an error in the process of securing his indictment, such an error is not cognizable on habeas review. "Beyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review." *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002). Feathers has not presented any argument as to why Supplemental Ground Three is properly before this Court. Accordingly, Supplemental Ground Three should be dismissed at not cognizable.

### 3. Grounds Three, Eight, Nine, Eleven, Twelve, Thirteen, and Supplemental Ground Two are Procedurally Defaulted

#### a. Ground Three

GROUND THREE: Appellate Counsel failed to recognize and argue that the trial court was without jurisdiction to create sentencing judgments, that created different court proceedings transcribed within the courts sentencing journals, that are divided and are fraudulently transcribed on four differing sentencing journals that differ from each and the sentencing transcripts and are not final orders thereof, and by fail

to state the facts of Feathers convictions invoked by the statutes, or otherwise, and do not provided descriptive case numbers, as were adjudged and decreed and are thus, void Ab-Initio.

The Respondent argues that Ground Three is procedurally defaulted. (ECF No. 51 at 27).

In Ground Three, Feathers takes issue with his appellate counsel failing to raise an issue regarding the sentencing journal entry differing from the hearing pronouncement. Although Feathers asserts that the issue was raised on direct appeal (ECF No. 1 at 9), the record belies that assertion (*see* ECF No. 13-1, Ex. 86).  Feathers also did not raise the issue in his Ohio App. R. 26(B) application or its supplements. (ECF No. 13-2, Exs. 93 - 96). Feathers first raised Ground Three in the Supreme Court of Ohio on appeal of his Ohio App. R. 26(B) application. (ECF No. 13-2, PageID #: 1410, Ex. 90).

Issues regarding errors in sentencing must be raised on direct appeal. The failure to raise on appeal a claim that appears on the face of the record constitutes a procedural default under Ohio's doctrine of *res judicata*. *State v. Cole*, 2 Ohio St.3d 112, 113, 443 N.E.2d 169, 171 (1982). In Ohio, "claims must be raised on direct appeal if possible; otherwise, *res judicata* bars their litigation in subsequent state proceedings." *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000) (citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), syllabus para. 8, 9). Here, the issue regarding the alleged error in sentencing would have been evidenced on the face of the record and, thus, should have been raised on direct appeal. Such an issue would be barred by *res judicata*. The doctrine of *res judicata* is an " 'adequate and independent' state grounds foreclosing review in subsequent federal habeas proceedings." *Lundgren*, 440 F.3d at 765. Therefore, this claim is procedurally defaulted. *Id.* at 769.

As cause for his procedural default, Feathers argues that his appellate counsel was ineffective for failing to raise this issue on direct appeal. " '[A]an ineffective-assistance-of-counsel

claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.'" *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (quoting *Edwards v. Carpenter*, 529 U.S. 446, 453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000)). Feathers failed to raise this ineffective assistance of appellate counsel claim as grounds in his Ohio App. R. 26(B) application and, thus, cannot rely on ineffective assistance of appellate counsel as cause to excuse the procedural default.

Feathers attempts to cure this default by arguing that that he requested that his post-conviction counsel raise the issue in his Ohio App. 26(B) application but that his counsel refused to do so. "Ineffective assistance of counsel may constitute cause for a procedural default only at a stage of the proceedings where a petitioner has a Sixth Amendment right to counsel." *McClain v. Kelly*, 631 F. App'x 422, 430 (6th Cir. 2015) (citation omitted). Here, Feathers cannot rely on ineffective assistance of counsel as cause for his failure to raise this issue in his Ohio App. 26(B) application as he did not have a constitutional right to counsel for the post-conviction proceedings. *See Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005). Thus, appellate counsel's conduct in connection with a reopening application cannot establish ineffective assistance of counsel or, of relevance here, cause to overcome a procedural default. *See, e.g., Carter v. Mitchell*, 693 F.3d 555, 565 (6th Cir. 2012) (appellate counsel's failure to appeal denial of Rule 26(B) application to Ohio Supreme Court not sufficient cause); *Scuba v. Brigano*, 527 F.3d 479, 489 (6th Cir. 2007) (appellate counsel's failure to file a timely Rule 26(B) application on petitioner's behalf not sufficient cause).

Finally, Feathers has not presented any new reliable evidence of actual innocence to cause the Court to hear his procedurally defaulted claim.

Accordingly, Ground Three should be dismissed as procedurally defaulted.

### b. Grounds Eight, Nine, Eleven, Twelve, Thirteen, and Supplemental Ground Two

GROUND EIGHT: Appellate Counsel failed to recognize and argue that the trial court failed to impose post release control post penalty terms as required as part of the specific Original community control sentence notifications. And failed to give the specific amount of time left for the (JR), packaged sentence that was imposed consecutive during Appellants packaged revocation hearing, court was without jurisdiction to sentence anew.

GROUND NINE: Appellate Counsel failed to recognize and argue that the trial court amended the circumstances and judgments arising of the Original May sentencing transcripts with two differing judgments, for Case No, 2004CR0424, while the court never imposed any type of sentences in the 2004 sentencing journal, that described 2004 case and sentence is ordered is to be mirrored with Case No. 2016CR0695, May 17, 2017 journal entries, and the 2004 (JR) journal entry omits the fact of conviction for Appellants (JR) violation under the statute of which he violates, and does not describe the individual original offenses original convicted of. The 2016 (CC) sentence omits the revised code enacted in invoking the courts subject matter jurisdiction, and also fails to inform the stated terms as required under statute, being absent.

GROUND ELEVEN: Appellate Counsel failed to recognize and argue that the trial court has sentenced appellate to a none existent F4 Domestic Violence offense on remand, and the court failed to describe this offense or any of the other two offenses in the sentence anew sentencing journals identifying those offenses that were originally named in the indictment in the 2004 case, none of these offenses were ordered to be re-imposed. The record is absent of their descriptions. the facts of Appellants jointly imposed probation violations requiring both statutes for the (JR) & (CC) for both violations to be stated by statute for the violations.

GROUND TWELVE: Appellate counsel failed to recognize and argue that the trial courts altered and fabricated judgment entries are not only not final judgments but also additionally demonstrate that the trial court has never originally or subsequently when sentencing petitioner anew convicted him by the operations of Ohio's judicial release or of the community control statutes and the court has completely failed to comply with any of the due process sentencing mandates when originally sentencing him. Both the transcripts and the court's judgment entries demonstrate that the Petitioner has remained imprisoned without ever being convicted or sentenced by Ohio statues provided for his merged probation violations, in violation of his due process rights required by the Fourteenth Amendment to the United States Constitution.

GROUND THIRTEEN: Appellate counsel failed to recognize and argue that the trial court acted without jurisdiction to order the Ohio Department of Rehabilitation and Corrections to determine the amount of prison time to be served by Petitioner

within its commitment papers when executing petitioners sentence anew that never originally went into effect by Ohio Statutes. In violation of Petitioner's due process rights required by the Fourteenth Amendment to the United States Constitution.

SUPPLEMENTAL GROUND TWO: Appellant unknowingly entered a guilty plea to a invalidated amended indictment when the jurisdiction of the unrelated domestic violence offense was gone.

Respondent argues that Grounds Eight, Nine, Eleven, Twelve, Thirteen, and Supplemental Ground Two are procedurally defaulted. This Court agrees.

Feathers raised the ineffective assistance of appellate counsel claims in Grounds Eight, Nine, and Eleven for the first time in the Supreme Court of Ohio on appeal from his 26(B) application. These claims are procedurally defaulted because Feathers did not raise them before the Ohio Court of Appeals. *See Seymour*, 224 F.3d at 555. Although the Ohio Supreme Court rejected Feathers's claims without an opinion, "this court must assume that the rejection rested on adequate and independent state-law grounds, because the Ohio Supreme Court's summary order does not 'fairly appear' to rest on federal law." *Id.* at 555-556 (*quoting Coleman*, 501 U.S. at 740). Feathers appears to have raised Ground Twelve in his Ohio App. R. 26(B) application (ECF No. 13-2, Ex. 93); however, Feathers did not properly exhaust this claim as he failed to raise it in his appeal to the Ohio Supreme Court (*see* ECF No. 13-2, Ex. 90). To properly exhaust state remedies, a petitioner must fairly present the legal and factual basis for each claim to the state court of appeals *and* to the state supreme court before raising the claims in federal court. *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009). Because he can no longer raise these issues, *see* Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i), Grounds 8, 9, 11, and 12 are procedurally defaulted.

Feathers raised Ground Thirteen for the first time in his petition for habeas relief. Having failed to present this claim to the state court before raising it in a federal habeas corpus petition, Feathers failed to exhaust Ground Thirteen. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan*, 526 U.S. at

842, 845. Because he can no longer raise the issue in state court, Ground Thirteen is procedurally defaulted. *Carter*, 693 F.3d at 564.

Supplemental Ground Two could have been raised on direct review and the appellate court held that Supplemental Ground Two was barred by the doctrine of *res judicata*. (Exhibit 106). In Ohio, "claims must be raised on direct appeal if possible; otherwise, *res judicata* bars their litigation in subsequent state proceedings." *Seymour*, 224 F.3d at 555 (citing *Perry*, 10 Ohio St. 2d 175, syllabus para. 8, 9). The doctrine of *res judicata* is an " 'adequate and independent' state grounds foreclosing review in subsequent federal habeas proceedings." *Lundgren*, 440 F.3d at 765. Therefore, Supplemental Ground Two is procedurally defaulted. *Id.* at 769.

"When a habeas claim is procedurally defaulted, it may nevertheless be considered if the petitioner shows 'cause for the procedural default and prejudice attributable thereto ....' " *Burroughs v. Makowski*, 411 F.3d 665, 667 (6th Cir. 2005) (quoting *Murray*, 477 U.S. at 484). "To show cause, a petitioner must show that some objective factor external to the defense impeded ... his efforts to comply with the State's procedural rule." *Id*. (citation and internal quotation marks omitted).  In his consolidated traverse, Feathers does not address why the Court should excuse his procedural default on Grounds Eight, Nine, Eleven, Twelve, Thirteen, and Supplemental Ground Two.

Feathers has not presented any new reliable evidence of actual innocence to cause the court to hear his procedurally defaulted claims.

Accordingly, this Court recommends that Grounds Eight, Nine, Eleven, Twelve, Thirteen, and Supplemental Ground Two be dismissed as procedurally defaulted.

### 4.  Grounds Five, Seven, and Ten Fail on the Merits

GROUND FIVE: Appellate Counsel failed to recognize and argue that the trial courts lack of Jurisdiction in ordering his Juridical Release probation and sentence

36

to run concurrent with his probation with concurrent sanctions, and concurrent sentence with his Community Control,) authorized and imposed without statutes and of stated terms thereof, that however are independent statutes that have different specific sentence notification mandates that serve different purposes.

GROUND SEVEN: Appellate Counsel failed to recognize and argue that the trial court was authorized by law to packaged Appellants Judicial Release probation and sentence with his community control sentence when the court was also unauthorized by law to impose both a 180 Jail term and a prison term for the same offense as a community control sanction. Here, Appellate contends that the trial court imposed both a packaged and split sentence prohibited in Ohio, additionally trial courts cannot impose both a jail term and a prison term for a single offense as a community control sanction. However, the (JR) was packaged with the (CC) sanction, when the court failed to impose any kind of sentence in the sentencing journal in Case No. 2004CR0424, 5-17-2017 packaged sentence, the journal is void of and stated terms and absent of statutes. The sentencing journal was prohibited from appellate review, over many objections.

GROUND TEN: Appellate Counsel failed to recognize and argue that the trial court was unauthorized by law to order a six-month extension to Appellants packaged probation sentences without the presence of Appellate, and without a violation. Unauthorized Order, without subject matter jurisdiction by operation of statute. Ordered without statutes.

Respondent argues Grounds Five, Seven, and Ten are meritless. (ECF No. 14 at 38). This Court agrees.

Feathers first raised these issues of ineffective assistance of appellate counsel in his Ohio App. R. 26(B) application. He also raised them in his appeal in the Supreme Court of Ohio. (ECF No. 13-3, Ex. 90, 93, 95, 96).

Claims of ineffective assistance of appellate counsel are reviewed according to *Strickland*'s two-pronged test. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Roberts v. Carter*, 337 F.3d 609, 613–614 (6th Cir. 2003). "*Strickland* requires a defendant to establish deficient performance and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 124, 129 S. Ct. 1411, 1420, 173 L. Ed. 2d 251 (2009). In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those

errors undermined the reliability of the defendant's convictions. *Strickland*, 466 U.S. at 687;

*McMeans*, 228 F.3d at 682. However, counsel is not required to raise every non-frivolous issue on

appeal, *see Jones v. Barnes*, 463 U.S. 745, 750–54, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983);

*McMeans*, 228 F.2d at 682, and tactical choices regarding issues raised on appeal are properly left

to the sound professional judgment of counsel. *United States v. Perry*, 908 F.2d 56, 69 (6th Cir.),

*cert. denied*, 498 U.S. 1002, 111 S.Ct. 565, 112 L.Ed.2d 571 (1990). Additionally,

> an ineffective-assistance-of-counsel claim is governed by the test articulated in
> *Strickland*, where "counsel is strongly presumed to have rendered adequate
> assistance and made all significant decisions in the exercise of reasonable
> professional judgment." 466 U.S. at 690, 104 S.Ct. 2052. By itself, this is a
> deferential standard that is challenging for a claimant to meet. Where the claimant
> is a state habeas petitioner whose claims are subject to AEDPA, that standard is
> raised even higher, as the petitioner must show that the state court's application of
> *Strickland* was itself unreasonable. This amounts to a "doubly deferential standard
> of review that gives both the state court and the defense attorney the benefit of the
> doubt." *Burt v. Titlow*, —— U.S. ——, 134 S.Ct. 10, 13, 187 L.Ed.2d 348 (2013)
> (internal quotation omitted) (emphasis added). Stated differently, AEDPA requires
> us to "take a highly deferential look at counsel's performance through the
> deferential lens of § 2254(d)." *Cullen v. Pinholster*, 563 U.S. 170, 190, 131 S.Ct.
> 1388, 179 L.Ed.2d 557 (2011) (internal quotations omitted).

*Kelly v. Lazaroff*, 846 F.3d 819, 831-32 (6th Cir. 2017). Accordingly, "[w]hen analyzing a

*Strickland* claim under § 2254(d) ..." the key question " 'is whether there is any reasonable

argument that counsel satisfied *Strickland*'s deferential standard.' " *Hale v. Davis*, 512 Fed.Appx.

516, 520 (6thCir. 2013) (citing *Foust v. Houk*, 655 F.3d 524, 533–34 (6th Cir. 2011) (quoting

*Richter*, 131 S.Ct. at 788)).

The Eleventh District Court of Appeals reviewed Feathers's claims of ineffective

assistance of appellate counsel. The appellate court applied *Strickland* as follows:

> "A defendant in a criminal case may apply for reopening of the appeal from the
> judgment of conviction and sentence, based on a claim of ineffective assistance of
> appellate counsel." App.R. 26(8)(1). "An application for reopening shall be granted
> if there is a genuine issue as to whether the applicant was deprived of the effective

assistance of counsel on appeal." App.R. 26(8)(5). "If the court denies the application, it shall state in the entry the reasons for denial." App.R. 26(8)(6).

The Ohio Supreme Court has adopted the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as the appropriate standard to assess whether an appellant has raised a "genuine issue" as to the ineffectiveness of appellate counsel in an application to reopen an appeal under Appellate Rule 26(8)(5). *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996). "To show ineffective assistance," the appellant "must prove that his counsel [was] deficient for failing to raise the issues that he now presents and that there was a reasonable probability of success had they presented those claims on appeal." *State v. Tenace*, 109 Ohio St.3d 451, 2006-Ohio-2987, 849 N.E.2d 1, ¶ 5, citing *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

Feathers asserts the following alleged errors not raised in his direct appeal:

> "[1.] The trial court erred in imposing a prison sentence for community control violation when it failed to notify appellant of the specific term that would be imposed in the event of such a violation at the original sentencing hearing.

> "[2.] The trial court unlawfully sanctioned and modified appellant's combined concurrent probation and sentence without his presence and without affording him opportunity to be heard when the trial court issued a sua sponte order in ordering a new sentence modif[ication] and extension of intensive probation of six months, in violation of Ohio statutory revocation due process mandates, R.C. Sections 2929.15, (B), 2929.19 (8)(5), U.S.Const. Amend, VI, and the Ohio Const, Art 1 Section 10.

> "[3.] The trial court unlawfully imposed a prison sentence that was not imp[]osed at sentencing by creating a sua sponte sentencing journal and unlawfully processing the false sentence jou[rnal] forward to the Ohio Department of Corrections, thereby enforcing an invalidated sentence and prison confinement, in violation of Feathers['] right not to be placed in involuntary servitude."

In his first assignment of error, Feathers argues that he was not informed of the exact term of prison he faced if he violated community control for Failure to Comply, and, thus, he should not have received a prison sentence for his violation.

In Portage County Court of Common Pleas Case No. 2016 CR 00695, Feathers entered a plea of guilty to Failure to Comply and, at the May 15, 2017 sentencing hearing, the court sentenced him to 180 days in jail, 12 months of intensive supervised probation, and 36 months of general probation. The court advised

Feathers that if he violated probation, he could receive a prison term of 36 months for Failure to Comply "as well as all the time left on the 04 CR 00424 case to run consecutive to one another." In Case No. 2004 CR 00424, Feathers was sentenced to a prison term of 13 years for several felony offenses in 2008 and was granted judicial release in 2015.

In support of his argument, Feathers cites *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837. In *Brooks*, the Ohio Supreme Court held that "a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." *Id.* at paragraph two of the syllabus.

Here, the trial court did properly advise Feathers that he could receive a sentence of 36 months in prison were he to violate his community control for Failure to Comply. Feathers argues that the court did not advise him of a specific term to be served when it also mentioned only "all of the time left on the 04 CR 424 case." Properly speaking, however, a violation of community control in 2016 CR 00695 was not punished by the sentence in 2004 CR 00424, as a sentence received in that case was the result of violating the terms of his judicial release in that separate matter. *Brooks* does not provide support to Feathers' argument since it relates to the imposition of an original community control sanction rather than community control imposed on judicial release, which have two separate statutory schemes. *State v. Perry*, 4th Dist. Athens No. 13CA12, 2013-Ohio-4066, ¶ 18. Furthermore, Feathers cannot legitimately claim that he was unaware of the penalty he would receive if his judicial release was revoked when he had been sentenced and already served a portion of his prison term. "By virtue of being subject to the specific term of imprisonment imposed at the original sentencing hearing, it cannot be said that [an appellant] has not been informed of the specific term of imprisonment conditionally reduced by the trial court's granting of early judicial release." *State v. Mann*, 3d Dist. Crawford No. 3-03-42, 2004-Ohio-4 703, ¶ 13; *see also State v. Darst*, 170 Ohio App.3d 482, 2007-Ohio-1151, 867 N.E.2d 882, ¶ 35 (5th Dist.) ("The defendant has been notified of his or her sentence at a previous hearing and knows already what his or her sentence is and what portion, as of the time of a judicial release, remains unserved.").

Feathers also contends that appellate counsel failed to raise the argument that the trial court erred when it did not advise him of post-release control when he was sentenced for Failure to Comply on May 15, 2017. Feathers' counsel raised this on appeal in relation only to the charges in 2004 CR 00424. The same analysis that this court set forth in its opinion applies here: "an error in imposing post-release control must be corrected on a direct appeal and a failure to raise it at that stage renders it barred at subsequent stages by the doctrine of res judicata." *Feathers*, 2021-Ohio-2886, ¶ 18, citing *State v. Hudson*, 161 Ohio St.3d 166, 2020-Ohio-3849, 161 N.E.3d 608, ¶ 17. If raised by appellate counsel, this argument would

have been barred by the doctrine of res judicata since the appeal was from a violation of Feathers' community control and was not a direct appeal from the order sentencing him in 2017. Feathers has not asserted any arguments which would alter this court's analysis on this issue.

Finally, within this alleged assignment, Feathers posits that he should not have received concurrent terms of community control for 2004 CR 00424 and 2016 CR 00695, noting one was part of a sentence and the other was part of his judicial release. He fails, however, to cite any authority to support the proposition that the terms of community control could not run at the same time. While he argues that having concurrent terms could cause confusion, the court clearly advised Feathers that these would be served together and of the consequences he faced upon violation. He cites no potentially meritorious legal argument that counsel failed to raise on this issue.

In the second alleged error, Feathers contends that appellate counsel failed to argue that the lower court erred by conducting a revocation hearing without giving him notice and by issuing a sua sponte sentence modification and probation extension. It appears Feathers is referencing the lower court's August 1, 2018 Journal Entry in which it stated that "upon the recommendation of the Portage County Adult Probation Department and for good cause shown, IT IS HEREBY THE ORDER of this Honorable Court that the Defendant's Intensive Supervised Probation be extended six (6) months to allow the Defendant to come into compliance with court ordered obligations." The Entry was filed in both 2016 CR 00695 and 2004 CR 00424. In both cases, in May 2017, Feathers had been ordered to serve one year of intensive supervision probation and three years of general probation. The 2018 entry extended the intensive supervision period for six months. This extension has no bearing on the revocation and accompanying sentence in 2019 from which Feathers' appeal here originated. Revocation was sought by the probation department in July 2019, well after the six months of extended intensive supervision ended but still during the three-year term of general supervision probation. Regardless of the August 1, 2018 entry, Feathers would have violated his general probation and, thus, even if there were error in extending intensive supervised probation without a hearing, it would not be error vindicated through the present appeal from the 2019 sentencing on his probation/judicial release violations. Trial counsel was not ineffective by failing to raise this issue.

In his third assigned error, Feathers argues that the sentences memorialized in the judgment entries did not match those issued at the May 15, 2017 sentencing hearing and that the court gave him a "sentencing package," combining a sentence for multiple offenses. He raises other issues relating to the 2017 sentencing in his third supplemental motion.

We emphasize that sentencing errors rendering a sentence voidable must be raised on direct appeal to avoid application of the doctrine of *res judicata*. *State v. Gross*, 11th Dist. Lake No. 2021-L-042, 2021-Ohio-3289, ¶ 22. "[W]hen a specific action

is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the court's judgment voidable, not void." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26. The lower court had subject matter jurisdiction over Feathers at the time of sentencing as a common pleas court handling a felony matter and since Feathers was properly arrested, arraigned, and entered a plea of guilty to the charges. *Gross* at ¶ 23. This court has also specifically found errors relating to "the imposition of a sentencing package to be a voidable error." *State v. Hedges*, 11th Dist. Lake No. 2019-L-135, 2020-Ohio-4528, ¶ 12. A defendant's argument that the court journalized a sentence different than the one pronounced at the sentencing hearing has also been found to be barred by the doctrine of res judicata. *State v. Stepherson*, 10th Dist. Franklin No. 20AP-387, 2021-Ohio-1709, ¶ 10.

As to Feathers' argument that there was not a final order from which to appeal in 2017, preventing the application of the doctrine of res judicata, we find it lacks merit. To have a final order subject to appeal under R.C. 2505.02 in a criminal matter, the order must generally contain the fact of the conviction, the sentence, the judge's signature, and a time stamp indicating the entry upon the journal. *State v. Lester*, 130 Ohio St. 3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. The entry in 2016 CR 00695 stated the plea of guilty to Failure to Comply and Feathers' sentence and contained the judge's signature and the time stamp. While Feathers argues that the judgment failed to state the fact of conviction, it has been held that a judgment stating that the defendant entered a plea of guilty to the offense is sufficient to satisfy this requirement. *State v. Sanders*, 11th Dist. Portage No. 2013-P-0087, 2014-Ohio-1573, ¶ 22 (sentencing entry which stated the defendant had entered a plea of guilty contained the fact of conviction); *State v. Burrage*, 8th Dist. Cuyahoga No. 107907, 2019-Ohio-2005, ¶ 19 ("by stating in the journal entry that the defendant had entered a plea of guilty, the trial court satisfied the requirement that a judgment set forth 'the fact of conviction'"). As to 2004 CR 00424, an order imposing a more restrictive sanction for a community control violation is a final appealable order. *State v. Kuhn*, 2d Dist. Montgomery No. 20912, 2005-Ohio-6836, ¶ 24. Feathers cites *State v. Burton*, 2d Dist. Clark No. 11CA0031, 2012-Ohio-2412, in support of the proposition that the entry here was not final. In *Burton*, the appellate court found a lack of a final order because the entry did not state the conviction for a violation but merely that the defendant admitted the violation. It is distinguishable from the present matter since the trial court here found that Feathers had committed a probation violation. The court further found that a more restrictive sanction was necessary and stated the sanction, satisfying the requirements for a final order.

In his supplemental motion, to the extent that Feathers appears to argue his prison sentence for Failure to Comply was invalid because he had previously served jail time for the offense, we observe that Feathers was sentenced consistently with the amount of time the court previously warned he would face if he violated the terms of his community control. He was given jail time credit for the time previously

served for Failure to Comply. We find no error in the 2019 sentence from which he appeals.

Feathers argues in his second supplemental motion that the court did not reserve the right to reimpose his original sentence in the event he violated the terms of his judicial release. Some districts have held that a trial court implicitly reserves the right to reimpose sentence after a violation of community control on judicial release, noting the lack of a statutory mandate requiring notification. *State v. Phipps*, 2021-Ohio-258, 167 N.E.3d 576, ¶ 24 and 31 (3d Dist.); State v. Darst, 170 Ohio App. 3d 482, 2007-Ohio-1151, 867 N.E.2d 882, ¶ 34-35 (5th Dist.). This court, however, has required that,"[c]oincident with the granting of judicial release, a trial court must reserve on the record a right to reimpose the original sentence on an offender when the offender violates a community control sanction." *State v. Bazil*, 11th Dist. Trumbull No. 2003-T-0063, 2004-Ohio-5010, ¶ 23. However, where there is no transcript of the judicial release hearing to demonstrate whether the court made such a statement at the hearing, this court has presumed that it reserved on the record its right to reimpose the original sentence. *Id.* Here, there is nothing in the record to demonstrate whether an advisement was given at the judicial release hearing as the transcript was not made part of the record. Feathers' argument is based solely on the fact that such a statement was not contained in the judgment entry granting judicial release, not that the court failed to give such an advisement at the hearing as is required by *Bazil*.

Finally, in his third supplemental motion for reopening, Feathers argues that the indictment for Failure to Comply was defective by failing to state the degree of offense and an "aggravating element." A review of the indictment indicates that it does state the offense to be a third-degree felony. Further, a defendant is not entitled to raise non-jurisdictional defects, including an alleged missing element, in an indictment outside of a direct appeal. *State v. Butcher*, 11th Dist. Portage No. 2019-P-0005, 2019-Ohio-3728, ¶ 26-28. Thus, such argument is barred by the doctrine of res judicata.

For the foregoing reasons, Feathers' August 31, 2021 Application for Reopening, September 31 2021 Supplemented Application for Reopening, September 10, 2021 Second Supplemented Application for Reopening, September 15, 2021 Third Supplemented Application for Reopening, and October 13, 2021 Motion to Stay Pending Mandamus Considerations are denied.

(ECF No. 13-1, Ex. 97, Case Nos. 2020-P-0068 & 2020-P-0069.)

The issues raised in Grounds Five, Seven and Ten were discussed by the State appellate court, which specifically cited *Strickland* in its analysis. The appellate court explained that each of the underlying issues would have been meritless on appeal. Having determined that the underlying

issues would have been meritless, Feathers cannot demonstrate that he was prejudiced by his appellate counsel's decision not to raise his alleged errors. As he cannot demonstrate actual prejudice, Feathers cannot demonstrate that his appellate counsel "was scarcely functioning as counsel". Feathers has failed explain how the appellate court decision is contrary to or an unreasonable application of *Strickland*.

Accordingly, this Court recommends denying Grounds Five, Seven, and Ten as meritless.

### ii. Case No. 5:22-cv-00541[4]

#### 1. Grounds One, Two, Four, and Six are Not Cognizable

GROUND ONE: The appellate court abused its discretion in err, when proceeding to its judgments without jurisdiction to exercise its judicial power over Feathers appeal for want of final orders and for want of statutes never cited than or previously thus judgments are rendered void, in affirming the trial court judgments that also omitted statutes over appellants convictions and sentences imposed originally and during the sentence anew proceedings, therefore lacked jurisdiction and subject matter jurisdiction over appellants original packaged judicial release and community control convictions and sentences anew imposed without identifying R.C. 2929.20, (JR) strict compliance statute and without R.C. 2929.15, over the (CC), jurisdictional statute, thus the jurisdiction of the sentencing court was gone at that juncture, when appellate was convicted and sentenced originally and sentenced anew, in violation of Feathers due process rights not to be subject to criminal prosecutions without the due process of law under the Fourteenth Amendment to the United States Constitution and article 1 section 10 of the Ohio Constitution.

GROUND TWO: The Appellate court abused its discretion in err, when counsel noted on the record that it's hard to say what type of sentence the sentencing court imposed and the journal entries do not speak the same sentences as the sentencing transcripts, counsel proceeded over objections of appellate asserting that the 2004CR0424, May 17, 2017, sentence journal was omitted. Counsel failed to move to correct the record and the appellate court dined [sic] all request to include this journal entry that never invoked the judicial release statute and completely fails to

---

[4] In Case No. 5:22-cv-00540, Feathers filed a motion to amend the petition to include the grounds set forth in Case No. 5:22-cv-00541. (ECF No. 49). There, he added that his arguments clarified the inarticulate grounds set forth in this petition. This Court has considered the arguments in the motion to amend the petition to the extent they relate to the grounds set forth in the petition in Case No. 5:22-cv-00541.

state any type of conviction or sentence, imposed by the court during this first stage packaged community control sentencing.

GROUND FOUR: Appellate Court abused its discretion in err in reasoning that the court was not able to review the transcripts the courts sua sponte, Judgment order to be able to affirm Appellate assertions that Appellate Counsel failed to recognize and argue that the trial courts Original Juridical Realize Order On Feb 9, 2015, Case No. 2004CR0424 was not invoked by the (JR) statute, then or at any time thereafter when the trial court revoked his probation, additionally the court did not state the terms by statute to reserve to impose a prison sentence. The (JR) order was void thereafter when the court ordered Feathers probation sanctions to run concurrent with his community control sanction, and probation, and ordered concurrent packaged sentences, May 15, 2017. {Here Appellate Feathers submits the Appellate Courts reasoning is misapplied and unsupported by law, because the court speaks through it journal's in Ohio, and on its face, clearly indicates an invalid Judgment Order by operation of statute.

GROUND SIX: The appellate court abused its discretion in err in denying Appellants assertions that appellate counsel failed to argue that the trial court failed to give the specific amount of time during the imposition of his packaged community control sentence for the time left to serve in the (JR) sentence. Here, Appellate contends that the outcome would be same result remains, the amount of time would be unknown to be served for his community control sentence, unknown. However, these sentences were ordered to run concurrent at sentencing but consecutive in the event of a violation, therefore the court was surly [sic] required to give the specify amount of time left on the (JR) sentence.

Feathers's Grounds One, Two, Four, and Six are identical to Grounds One, Two, Four, and Six in Case No. 5:22-cv-00540. As explained above, each of these grounds is not cognizable on habeas review as each ground asserts error by the state appellate court in applying and/or interpreting Ohio statutes and Ohio case law. It is well-settled that a perceived violation of state law does not provide a basis for federal habeas relief. *Estelle*, 502 U.S. at 67-68. "The determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a 'function of the state courts, not the federal judiciary.'" *Smith v. Klee*, No. 2:15-CV-11099, 2016 WL 6995731, at *5 (quoting *Wills*, 532 F.2d at 1059). Alleged errors in the application of Ohio's judicial release statute and community control statute

45

are matters of state-law and not cognizable in federal habeas review. *See Jackson v. Warden, Toledo Corr. Inst*., No. 3:11 CV 1228, 2012 WL 2155167, at *5 (N.D. Ohio May 9, 2012), *report and recommendation adopted*, No. 3:11CV1228, 2012 WL 2154554 (N.D. Ohio June 13, 2012). Alleged errors in the discrepancy of a state's oral sentence with that of the sentencing judgment entry is a matter of state-law not cognizable in federal habeas review. The Sixth Circuit has held that "[a] state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only." *Howard*, 76 Fed. App'x at 53; *see also Kipen,* 65 Fed. App'x at 959 ("Incarcerating a prisoner after the expiration of his maximum sentence may result in a constitutional violation. However, the actual computation of [petitioner's] prison term involves a matter of state law that is not cognizable under [§ 2254]."). Finally, "a state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk*, 27 Fed. App'x at 475.

As Feathers's contentions rely exclusively upon alleged violations or misinterpretations of Ohio procedures, they are not cognizable in these proceedings. *Oviedo*, 809 F.2d at 328. This Court recommends that Grounds One, Two, Four, and Six be dismissed as not cognizable.

### 2. Grounds Three, Eight, Nine, Eleven, Twelve, and Thirteen are procedurally defaulted.

GROUND THREE: Appellate Counsel failed to recognize and argue that the trial court was without jurisdiction to create sentencing judgments, that created different court proceedings transcribed within the courts sentencing journals, that are divided and are fraudulently transcribed on four differing sentencing journals that differ from each and the sentencing transcripts and are not final orders thereof, and by fail to state the facts of Feathers convictions invoked by the statutes, or otherwise, and do not provided descriptive case numbers, as were adjudged and decreed and are thus, void Ab-Initio.

GROUND EIGHT: Appellate Counsel failed to recognize and argue that the trial court failed to impose post release control post penalty terms as required as part of the specific Original community control sentence notifications. And failed to give the specific amount of time left for the (JR), packaged sentence that was imposed

consecutive during Appellants packaged revocation hearing, court was without jurisdiction to sentence anew.

GROUND NINE: Appellate Counsel failed to recognize and argue that the trial court amended the circumstances and judgments arising of the Original May sentencing transcripts with two differing judgments, for Case No, 2004CR0424, while the court never imposed any type of sentences in the 2004 sentencing journal, that described 2004 case and sentence is ordered is to be mirrored with Case No. 2016CR0695, May 17, 2017 journal entries, and the 2004 (JR) journal entry omits the fact of conviction for Appellants (JR) violation under the statute of which he violates, and does not describe the individual original offenses original convicted of. The 2016 (CC) sentence omits the revised code enacted in invoking the courts subject matter jurisdiction, and also fails to inform the stated terms as required under statute, being absent.

GROUND ELEVEN: Appellate Counsel failed to recognize and argue that the trial court has sentenced appellate to a none [sic] existent F4 Domestic Violence offense on remand, and the court failed to describe this offense or any of the other two offenses in the sentence anew sentencing journals identifying those offenses that were originally named in the indictment in the 2004 case, none of these offenses were ordered to be re-imposed. The record is absent of their descriptions. the facts of Appellants jointly imposed probation violations requiring both statutes for the (JR) & (CC) for both violations to be stated by statute for the violations.

GROUND TWELVE: Appellate counsel failed to recognize and argue that the trial courts altered and fabricated judgment entries are not only not final judgments but also additionally demonstrate that the trial court has never originally or subsequently when sentencing petitioner anew convicted him by the operations of Ohio's judicial release or of the community control statutes and the court has completely failed to comply with any of the due process sentencing mandates when originally sentencing him. Both the transcripts and the court's judgment entries demonstrate that the Petitioner has remained imprisoned without ever being convicted or sentenced by Ohio statues provided for his merged probation violations, in violation of his due process rights required by the Fourteenth Amendment to the United States Constitution.

GROUND THIRTEEN: Appellate counsel failed to recognize and argue that the trial court acted without jurisdiction to order the Ohio Department of Rehabilitation and Corrections to determine the amount of prison time to be served by Petitioner within its commitment papers when executing petitioners sentence anew that never originally went into effect by Ohio Statutes. In violation of Petitioner's due process rights required by the Fourteenth Amendment to the United States Constitution.

Feathers raised Grounds Three, Eight, Nine, and Eleven for the first time in the Supreme Court of Ohio on appeal from the denial of his 26(B) application. (Case. No. 5:22-cv-00541, ECF

No. 13-1, Ex. 32). Feathers appears to have raised Ground Twelve in his Ohio App. R. 26(B) application (Case. No. 5:22-cv-00541, ECF No. 13-1, Ex. 26); however, he abandoned that claim by failing to raise it on appeal to the Supreme Court of Ohio. (*See* Case. No. 5:22-cv-00541, ECF No. 13-1, Ex. 32). Ground Thirteen, which relates to Feathers's conviction and sentence in 2004 CR 0424, the underlying matter in Case. No. 5:22-cv-00540 discussed above, was not raised at all in the state courts. Feathers makes no argument in response to Respondent's defense that these ineffective assistance of counsel claims are procedurally defaulted.[5] To properly exhaust state remedies, a petitioner must fairly present the legal and factual basis for each claim to the state court of appeals *and* to the state supreme court before raising the claims in federal court. *Wagner*, 581 F.3d at 414–15. Feathers failed to raise each of these claims to the state court of appeals and/or the Ohio Supreme Court before raising them here and he can no longer raise them in state court, *see* Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i). Accordingly, Grounds Three, Eight, Nine, Eleven, Twelve, and Thirteen are procedurally defaulted.

Having procedurally defaulted on these grounds, this Court may consider the grounds only if Feathers demonstrates both cause and prejudice or that not reviewing them would constitute a fundamental miscarriage of justice. Feathers has not argued cause for his failing to raise Ground Twelve before the Supreme Court of Ohio, nor for his failure to raise Ground Thirteen in the state court. As cause for failing to raise Grounds Three, Eight, Nine, and Eleven, Feathers argues that his post-conviction counsel was ineffective for failing to raise them in his Ohio App. R. 26(b)

---

[5] In his request to withdraw the motion to stay (ECF No. 53), Feathers argued that he disputes the state appellate court's jurisdiction to hear his appeal as well as the state trial court's lack of jurisdiction to sentence him and that jurisdictional claims cannot be procedurally defaulted. (ECF No. 53 at 4 (citing *McCoy v. United States*, 266 F.3d 1245 2001 U.S. App. Lexis 20900, Hn2. Hn3.)). However, even if true, this applies to the underlying issue, not the asserted grounds for ineffective assistance of appellate counsel. And, as for the underlying issues, as discussed above, they involve only matters of state law and are, thus, not cognizable on habeas review.

application. Ineffective assistance of counsel can constitute cause for a procedural default. *See Carrier*, 477 U.S. at 492, 106 S.Ct. 2639. However, " '[i]neffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel.'" *McKinney v. Boyd,* No. 22-5316, 2023 WL 3393191, at *2 (6th Cir. Feb. 6, 2023) (quoting *Hodges*, 727 F.3d at 531 (citing *Landrum*, 625 F.3d at 919)). Additionally, "28 U.S.C. § 2254(i) bars a claim of ineffective assistance of post-conviction counsel as a separate ground for relief, *see Martinez*, 132 S.Ct. at 1320, and [Feathers] has not presented any evidence to justify review of his claim in order to prevent a fundamental miscarriage of justice." *Hodges*, 727 F.3d at 531 (citation omitted).

Accordingly, this Court recommends dismissing Grounds Three, Eight, Nine, Eleven, Twelve, and Thirteen as they are procedurally defaulted.

### 3.  Ground Five, Seven, and Ten are Meritless.

GROUND FIVE: Appellate Counsel failed to recognize and argue that the trial courts lack of Jurisdiction in ordering his Juridical Release probation and sentence to run concurrent with his probation with concurrent sanctions, and concurrent sentence with his Community Control,) authorized and imposed without statutes and of stated terms thereof, that however are independent statutes that have different specific sentence notification mandates that serve different purposes.

GROUND SEVEN: Appellate Counsel failed to recognize and argue that the trial court was authorized by law to packaged Appellants Judicial Release probation and sentence with his community control sentence when the court was also unauthorized by law to impose both a 180 Jail term and a prison term for the same offense as a community control sanction. Here, Appellate contends that the trial court imposed both a packaged and split sentence prohibited in Ohio, additionally trial courts cannot impose both a jail term and a prison term for a single offense as a community control sanction. However, the (JR) was packaged with the (CC) sanction, when the court failed to impose any kind of sentence in the sentencing journal in Case No. 2004CR0424, 5-17-2017 packaged sentence, the journal is void of and stated terms and absent of statutes. The sentencing journal was prohibited from appellate review, over many objections.

GROUND TEN: Appellate Counsel failed to recognize and argue that the trial court was unauthorized by law to order a six-month extension to Appellants packaged

probation sentences without the presence of Appellate, and without a violation. Unauthorized Order, without subject matter jurisdiction by operation of statute. Ordered without statutes.

(Case No. 5:22-cv-00541, ECF No. 1-2). Each of Feathers's three remaining grounds raises a claim of ineffective assistance of appellate counsel. Feathers raised each ground initially in his Ohio App. R. 26(b) application for reopening and again in his appeal to the Ohio Supreme Court. (Case No. 5:22-cv-00541 ECF No. 26-29, 32.). Ground Five, Seven, and Ten state the same grounds for relief and supporting facts as Grounds Five, Seven, and Ten in Case No. 5:22-cv-00540, respectively. As explained above, Feathers's ineffective assistance of appellate counsel claims in Grounds Five, Seven, and Ten fail.

These issues were discussed by the State appellate court, which explained that each of the underlying issues would have been meritless on appeal. (ECF No. 13-1, Page ID#: 455-463, Ex. 30). Having determined that the underlying issues would have been meritless, Feathers cannot demonstrate that he was prejudiced by his appellate counsel's decision not to raise his alleged errors. As he cannot demonstrate actual prejudice, Feathers cannot demonstrate that his appellate counsel "was scarcely functioning as counsel". *Knowles*, 556 U.S. at 121; *Harrington*, 562 U.S. 86.

Feathers has not demonstrated that the state court's application of *Strickland* was unreasonable. *Burt,* 571 U.S. at 19-20. Accordingly, Grounds Five, Seven, and Ten should be denied as meritless.

### C. Conclusion

For the petition originally filed in Case No. 5:22-cv-540, this Court recommends that Grounds One, Two, Four, Six, and Supplemental Grounds One and Three be dismissed as not cognizable; Grounds Three, Eight, Nine, Eleven, Twelve, Thirteen, and Supplemental Ground

Two be dismissed as procedurally defaulted, and Grounds Five, Seven and Ten be denied as meritless. For the petition originally filed in Case No. 5:22-cv-541, this Court recommends that Grounds One, Two, Four, and Six be dismissed as not cognizable; Grounds Three, Eight, Nine, Eleven, Twelve, and Thirteen be dismissed as procedurally defaulted, and Grounds Five, Seven and Ten be denied as meritless.

## VI. Motion for an Extension of Time to Respond to the Consolidated Traverse

Respondent opposed Feathers's motion to consider ECF Nos. 21, 22, 40, and 50 as a consolidated traverse and requested "30 days to file a reply to the 103-page document" if the court granted Feathers's request. (ECF No. 51 at 2). Because the Court recommends denying Feathers's petitions in their entirety, Respondent's motion for time to reply to the consolidated traverse is denied as MOOT.

## VII. Certificate of Appealability

### A. Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B. Analysis

Feathers's grounds for relief are not cognizable, procedurally defaulted, and/or meritless. If the Court accepts the foregoing recommendation, then Feathers has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue a certificate of appealability.

## VIII.  Order & Recommendation

For the aforementioned reasons, this Court GRANTS Feathers's motion to consider ECF Nos. 21, 22, 49, and 50 as a consolidated traverse and DENIES AS MOOT Respondent's request for 30 days to reply to the consolidated traverse.

Because this matter has been consolidated and the Court has considered the grounds set forth in Case No. 5:22-cv-00541 along with those presented in Case No. 5:22-cv-00540, this Court recommends that Feathers's motion to amend his petition to include the claims in Case No. 5:22-cv-00541 be DENIED AS MOOT.

Finally, Feathers's grounds for relief are not cognizable, procedurally defaulted, and/or meritless. Thus, I recommend that the Court deny his petitions in their entirety and not grant him a certificate of appealability.

DATED: February 8, 2024

_____s/ Carmen E. Henderson_____
Carmen E. Henderson
United States Magistrate Judge

_____

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).