**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID E. FEATHERS, | ) | CASE NO. 5:22-CV-540 and 5:22-cv-541 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| WARDEN KEITH FOLEY,[1] | ) | |
| | ) | **OPINION AND ORDER ADOPTING** |
| Respondent. | ) | **MAGISTRATE'S REPORT AND** |
| | ) | **RECOMMENDATION** |

On April 5, 2022, Petitioner filed a petition for writ of habeas corpus. (ECF No. 1). On June 6, 2022, Petitioner filed a motion to consolidate this case with 5:22-cv-541. (ECF No. 7). On November 29, 2022, the Court granted Petitioner's motion and 5:22-cv-541 was consolidated with this case. (ECF No. 28).

On February 8, 2024, Magistrate Judge Carmen E. Henderson submitted a Report and Recommendation ("R&R"), recommending that the Court deny the petitions in their entirety and not issue a certificate of appealability. (ECF No. 59). For the petition filed in 5:22-cv-540, the Magistrate Judge recommended that grounds one, two, four, six, supplemental ground one, and supplemental ground three be dismissed as not cognizable. (*Id*. at Page #50).[2] She recommended that grounds three, eight, nine, eleven, twelve, thirteen, and supplemental ground two of 5:22-cv-

---

[1] As noted in the R&R, Petitioner is incarcerated at Grafton Correctional Institution, so the proper Respondent is Keith Foley, the warden of that institution. (ECF No. 59).
[2] ECF No. 59 does not have headers identifying the PageID numbers, so the page number references the internal pagination of that document.

1

540 should be dismissed as procedurally defaulted. (*Id*. at Page #50–51). She recommended that grounds five, seven, and ten of 5:22-cv-540 should be denied as meritless. (*Id*. at Page #51).

The Magistrate Judge recommended that grounds one, two, four, and six of 5:22-cv-541 be dismissed as not cognizable. (*Id*.). She recommended that grounds three, eight, nine, eleven, twelve, and thirteen of 5:22-cv-541 should be dismissed as procedurally defaulted. (*Id*.). She recommended that grounds five, seven, and ten of 5:22-cv-541 should be dismissed as meritless. (*Id*.).

Fed. R. Civ. P. 72(b)(2) provides that parties may object to an R&R within fourteen (14) days after service. On February 14, 2024, the Court re-mailed Petitioner a copy of the R&R with a control number. The postage on Petitioner's objection mailing indicates it was mailed on February 28, 2024. (ECF No. 60, PageID #3351). Petitioner's objections are timely. Petitioner filed objections (ECF No. 60) as well as a motion to appoint a special master. (ECF No. 61).

A district court must conduct a *de novo* review of the portions of the R&R to which the parties objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt an R&R without further review. *See Peretz v. US*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42, 149–50 (1985).

Petitioner noted at the beginning of his objections, "Petitioner hereby objects to the entire report and recommendation (R&R) of Magistrate Judge Carmen E. Henderson." (ECF No. 60, PageID #3279). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). Thus, the Court combed through Petitioner's lengthy objection document to identify specific objections that were not a reiteration of prior arguments in this case. The objection document mentioned the Magistrate Judge's

2

decision several times, detailed below:

1) "The Magistrates dismissal of the habeas corpus, circumvented petitioners' fraud claims and the Magistrates decisions and factual findings are based according to the misleading fraudulent court records and thus are contra to the record, and contra to the law and to petitioner's assertions of fraud and other claims filed on 02/08/24." (ECF No. 60, PageID #3280).

2) "The magistrates (R&R), does not address any of the respondent's two factually misleading answers/returns to the petitioner's writ.  The petitioner, has however continuously objected to respondents two misleading premature answers/returns, that were filed before this court even ordered the matter to be consolidated." (*Id*. at PageID #3287).

3) "Moreover, the respondent conceded that the petitioners claims are timely on habeas corpus, thus record indicates that these claims are not time barded as incorrectly alleged in the Magistrates (R&R)." (*Id*.).

4) "The district court magistrate judge, and the Court has closed its eyes and ears to Feathers' pleadings for relief from the obvious fraud perpetrated on him in his state cases.  As such the magistrate judge continues to act willfully in ignoring the truth as outlined in previous and subsequent filings of Feathers' final judicial notice.  The Magistrate's restriction denies Feathers of his fundamental right to fairness and deprives him of his due process right." (*Id*. at PageID #3325).

The remainder of the objection document reiterated arguments previously presented and considered by the Magistrate Judge in the R&R.  The Court will consider each of the above references to the R&R as separate objections.

### I. Objection One

In Petitioner's first objection he appears to assert that the R&R is contra to the record and contra to the law. (ECF No. 60, PageID #3280). However, beyond asserting that the R&R has frustrated his attempt to bring a fraud claim, objection one appears to be a broad objection to the entirety of the R&R and not to any specific findings within the R&R. Thus, objection one does not contain any alleged errors in the R&R for the Court to review. Additionally, it is unclear if Petitioner is asserting that this Court perpetrated fraud. On review of the entirety of the record, there is no evidence that this Court or the Magistrate Judge engaged in any conduct during these proceedings that could be construed as fraud.

### II. Objection Two

Petitioner's second objection (ECF No. 60, PageID #3287) challenges the fact that Respondent filed a return of writ in 5:22-cv-540 (ECF No. 14) and 5:22-cv-541 (ECF No. 13) prior to the Court entering an order consolidating both cases. (ECF No. 28). It is unclear why the government timely filing a return of writ in each case prior to consolidation would render the filings "factually misleading." Contrary to the objection's assertion, the Magistrate Judge fully considered the petitions filed in both 5:22-cv-540 and 5:22-cv-541 in the R&R, as well as all documents filed before and after consolidation. (ECF No. 59). Thus, objection two does not identify any reviewable error.

### III. Objection Three

Objection three asserts that the habeas petitions at issue in this case are timely, so none of Petitioner's claims should have been dismissed as time barred. (ECF No. 60, PageID #3287). A review of the R&R reveals that none of Petitioner's claims were dismissed as untimely. (ECF No. 59). In 5:22-cv-540, grounds one, two, and four were recommended to be dismissed because they

4

involved application of state law and procedures, which are not cognizable claims for federal habeas review. (*Id*. at Page #25–28). Ground six, supplemental ground one, and supplemental ground three were recommended to be dismissed as not cognizable because they appear to challenge matters of state law. (*Id*. at Page #28–31). They were also deemed not cognizable because they were too vague to determine which appellate proceeding or sentencing entry was being challenged or what clearly established federal law was at issue. (*Id*.). Grounds three, eight, nine, eleven, twelve, thirteen, and supplemental ground two were recommended to be dismissed as procedurally defaulted because Petitioner failed to properly exhaust state remedies as to these claims. (*Id*. at Page #31–36). Petitioner did not present evidence regarding why the Court should excuse the procedural default or evidence of actual innocence. (*Id*.). The R&R considered the merits of grounds five, seven, and ten and recommended they be denied as meritless. (*Id*. at Page #36–44).

In 5:22-cv-541, the R&R recommended that grounds one, two, four, and six be dismissed as not cognizable because they rely on alleged violations or misinterpretations of Ohio law. (*Id*. at Page #44–46). Grounds three, eight, nine, eleven, twelve, and thirteen were recommended to be dismissed as procedurally defaulted due to a failure to exhaust state remedies as to those claims. (*Id*. at Page #46–49). The R&R considered the merits of grounds five, seven, and ten and recommended they be denied as meritless. (*Id*. at Page #49–50).

The R&R did not dismiss any of Petitioner's claims as untimely. Objection three does not identify any reviewable error.

## IV. Objection Four

The fourth objection appears to challenge the Magistrate Judge's August 29, 2023 order cautioning Petitioner "not to file anything further in this matter prior to this Court's issuance of

5

the Report and Recommendation on the 28 U.S.C. § 2254 petition." (ECF No. 57). Prior to the issuance of that warning, Petitioner filed a motion requesting that the Court consider ECF Nos. 21, 22, 49, and 50 as a consolidated traverse. (ECF No. 49, PageID #3045). Despite the January 12, 2023 order stating, "Petitioner's traverse is due no later than February 13, 2023 and should be a consolidated response to the issues addressed in each return of writ," (ECF No. 40) the Magistrate Judge granted Petitioner's motion to treat the four documents as a consolidated traverse. (ECF No. 59, Page #17). The Court did not require any further information or filings from Petitioner to issue an R&R when the Magistrate Judge cautioned Petitioner that continuing to file documents unnecessary to that determination delays the Court's review of his petition. The Magistrate Judge's warning did not deprive Petitioner of due process because his multi-document traverse was accepted and considered in the R&R. Objection four is meritless.

## V. Conclusion

Upon review of the objections raised to the Magistrate Judge's R&R, the Court did not identify any error. The Court **ADOPTS** the Magistrate Judge's R&R, incorporates it fully herein by reference, and **DENIES** the Petitions in their entirety as not cognizable, procedurally defaulted, and/or meritless, as previously detailed. The Court also finds that there is no basis upon which to issue, and will not issue, a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

Petitioner's motion to appoint a special master is **DENIED AS MOOT** because this case is closed. (ECF No. 61).

**IT IS SO ORDERED.**

Date:   May 6, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**